## HARRELL *v.* BEALL, ASSIGNEE.

Where a question brought to this court is wholly one of the weight of evidence, involving no controverted proposition of law, this court will not, under the pressure of business which now rests upon it, consider itself justified in reproducing in its opinion the facts on which its judgment rests. It will content itself with announcing fully its conclusions upon the evidence.

APPEAL from the Circuit Court for the Southern District of Georgia.

Beall brought a suit in chancery in the court below, in his character of assignee in bankruptcy of one Jarrell, against a certain Harrell and one Echols, to set aside what he charged to be a fraudulent sale to Echols of the bankrupt's property, and to have the property subjected to the payment of debts in the bankruptcy proceeding.

The material allegations of the bill were, that the bankrupt, in a state of insolvency, procured the sale of valuable real estate belonging to him, under judgments which were a lien on it, and that by collusion with Echols, who was his clerk and agent, it was bought in by Echols for a merely nominal sum, one out of all proportion to its real value; that the purchase was made really for Jarrell, and the money, if any, which was actually paid on the execution sale was furnished by Jarrell; that the title to the land and some notes for rent remained in Echols's name until he disposed of them, as it was charged that he had done, to the defendant, Harrell; that Harrell purchased with notice of the fraudulent conduct of Echols, and for a sum far below the value of the property purchased.

The defence of Harrell was, that there was no fraud in the original purchase by Echols, and if there was any, that he, Harrell, was an innocent purchaser for value without notice.

The question was thus one of fact only.

Upon a large quantity of evidence, which when coming to this court filled a transcript or record-book that covered

seventy-one 8vo. pages in a style that would make at least one hundred and twenty-five pages like the body of these Reports, the court below considered that the sale to Echols was a plain fraud; and that if Harrell, who had purchased from Echols, failed to perceive that it was so, his failure arose from a culpable inattention to what he was bound to attend to. That court accordingly decreed in favor of the assignee. Harrell alone appealed.

*Harrell, propriâ personâ, argued his case, orally, and filed a brief of his own, and also one of Mr. A. T. Akerman.*

*No opposing counsel.*

Mr. Justice MILLER delivered the opinion of the court.

The appellant has furnished a brief and an oral argument which have received the attentive consideration of the court. There is no appearance here for the appellee, and this has made us more careful in the examination of the record.

The question is wholly one of the weight of evidence, involving no controverted proposition of law; and the pressure of business on this court will not justify us in reproducing in our opinion the facts on which our judgments rest in such cases. It must suffice to say that we are convinced that the sale to Echols was a barefaced fraud, and that if the appellee did not know it when he purchased of Echols it was because he intentionally shut his eyes to the truth, and that he had such notice and information as made it his duty to inquire further, and that the slightest effort by him in that direction would have discovered the whole fraud.

Such were the views on which the decree below was founded, and it is accordingly

AFFIRMED.

Dissenting, Mr. Justice DAVIS.