ELIZA COWLEY *vs.* ANN McLAUGHLIN & another.

Middlesex. Nov. 16, 1885. — Feb. 25, 1886. DEVENS & GARDNER, JJ., absent.

In 1873, an attachment was made of all the real estate of C. in a certain county. At that time C. appeared on the records of the registry of deeds as owning a third mortgage on a parcel of land in the county, but nothing more. In fact, this mortgage, and also a second mortgage, the assignment of which to him had not been recorded, had been assigned by C. to A. after entry for breach of condition. These assignments to and by him were recorded in 1881. At the time of the attachment, he owned the equity of redemption, but the conveyance to him was not recorded until 1881, although before the above-named assignments were recorded. *Held,* that A. could maintain a writ of entry, to recover the premises, against the purchaser at an execution sale in pursuance of the attachment.

Sunday is excluded from the three days allowed by the Pub. Sts. *c.* 153, § 8, for filing a bill of exceptions.

*It seems* that a notice, within the time limited by the Pub. Sts. *c.* 153, § 8, of the filing of a bill of exceptions, deposited in the post-office of the city in which the attorney of the excepting party resides, addressed to the attorney of the adverse party at the place of his residence, is sufficient, although the attorney of the excepting party does not reside within the county in which the court allowing the exceptions is held, and in which the attorney of the adverse party resides.

HOLMES, J. This is a writ of entry, in which the demandant declares upon her seisin in mortgage. The tenants are purchasers at an execution sale, and their title depends upon the effect of the attachment in pursuance of which the sale was made.

The attachment was made, in October, 1873, of all the real estate of Charles Cowley in Middlesex County. At that time he appeared on the records of the registry of deeds as owning a third mortgage on the premises attached, but nothing more. In fact, this mortgage, and also a second mortgage, the assignment of which to him had not been recorded, had been assigned by him to the demandant after entry for breach of condition. These last-mentioned assignments to and by him were recorded on October 26, 1881, long after the attachment. At the time of the attachment he owned the equity of redemption, but the conveyance to him was not recorded until October 3, 1881. It may be assumed that he also owned the first mortgage, and that there had been a merger.

On the face of the records, Charles Cowley had nothing to attach. *Blanchard* v. *Colburn*, 16 Mass. 345. *Eaton* v. *Whiting*, 3 Pick. 484. *Prout* v. *Root*, 116 Mass. 410,. 412. But, if the conveyance of the equity to him had been recorded, the attaching creditor would not have been affected by Cowley's assignment over of the third mortgage, which stood in his name, and would have been entitled to treat it as merged, so far as to give the attachment priority. *Clark* v. *Jenkins*, 5 Pick. 280. And it may be argued with some plausibility that the attachment reached the equity of redemption none the less because Cowley's title did not appear, and that his seeming ownership of the mortgage must have the same effect as in the case supposed.

We are of opinion that this argument cannot prevail. When the registry shows a title subject to attachment, the attaching creditor, by a somewhat artificial view, is regarded in the light of a *bona fide* purchaser to whom the recorded deeds have been exhibited and to whom the conveyances over have not been disclosed. *Woodward* v. *Sartwell*, 129 Mass. 210. *Coffin* v. *Ray*, 1 Met. 212. But when the registry shows no title, and the creditor does not know that his debtor has one, which we must assume to have been the fact here, if it be in any way material, we think that he must take what accident throws into his net as he finds it; and that he cannot claim the benefit of a fiction to get more than his debtor really owned. See *Haynes* v. *Jones*, 5 Met. 292. The creditor cannot be taken to have relied upon Cowley's seeming ownership of the mortgage, even infinitesimally, in making his attachment, unless he knew that Cowley owned the equity, because the mortgage, standing by itself, did him no good. All ground for treating the creditor as a *bona fide* purchaser, as against the assignee of the mortgage, disappears, therefore, and the attachment must be regarded as having reached nothing that Cowley did not actually own.

It is argued that, as the conveyance of the equity to Charles Cowley was recorded before his assignment of the third mortgage was recorded, although after the attachment, he did for a time stand upon the record, after the attachment, as if, before the attachment, there had been a merger of the third mortgage and the equity. But this temporary state of the

record after the attachment was made, not acted on in any way, has no effect upon the demandant's rights. *Moors* v. *Albro*, 129 Mass. 9, 13.

It follows, that the finding of the court that the demandant was entitled to possession for breach of condition of the second and third mortgages was correct, and the tenant's exceptions must be overruled.

The demandant filed a bill of exceptions to the allowance of the tenant's bill of exceptions, taking the ground that the latter was not filed in time, and that the notice was not sufficient. The finding for the demandant was filed on April 16. April 19 was Sunday. The tenant's bill of exceptions was filed on April 20, and, on the same day, notice was put into the post-office at Lynn, where the attorney for the tenant resided, addressed to the demandant's attorney at Lowell, where he resided, but the notice did not reach Lowell until the 21st. In view of our decision upon the merits, these objections, if rightly taken by a second bill of exceptions, do not require discussion. We may say, however, that Sunday is excluded from the three days allowed by the Pub. Sts. *c.* 153, § 8, for the filing of a bill of exceptions. *Thayer* v. *Felt*, 4 Pick. 354. *Hannum* v. *Tourtellott*, 10 Allen, 494. *Cunningham* v. *Mahan*, 112 Mass. 58. We are disposed to think the notice sufficient, although the notice was mailed in a county other than that in which the court was held and the demandant's counsel resided. See *Blair* v. *Laflin*, 127 Mass. 518.*     *Exceptions overruled.*

*C. Cowley*, for the demandant.

*N. D. A. Clarke & C. C. Mayberry*, for the tenants.

---

* The rules of the Superior Court in relation to notice are cited in this case, on p. 521.