ELLA A. JONES & another *vs.* BYRON R. MITCHELL
& another.

Suffolk.    January 25, 1893. — March 3, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Conveyance of Real Estate — Attachable Interest.*

A. on September 1, 1890, conveyed real estate to B. who gave A. a writing agree-
ing to reconvey it when a complaint against A. was disposed of, B. having be-
come surety on a bail bond issuing in the case. The complaint was disposed of
on October 3, 1890. On January 22, 1891, at ten o'clock and fifty minutes in
the forenoon, B. recorded the deed to him from A. in the registry of deeds, but
the writing given by B. to A. was never recorded. On the same day at ten
o'clock and forty minutes in the forenoon, C., a deputy sheriff, made an attach-
ment in favor of D. of all B.'s real estate in the county ; and at twelve o'clock
and twenty-seven minutes in the afternoon deposited in the registry a copy of
the writ, with so much of his return as related to the attachment. On March
19, 1891, B. reconveyed to A., and on the same day A. executed a mortgage of
the real estate to E. Subsequently D. recovered judgment against B., and C.
made a levy on the land by virtue of an execution. *Held,* on a bill in equity
by A. and E. against C. and D., to enjoin them from disposing of the property,
that B., at the time when the attachment was made, had no record title to the
land and no attachable interest therein.

BILL IN EQUITY, praying that the defendants, Mitchell and
Lindsay, be restrained from disposing in any way, by sale or
otherwise, of the real estate described in the bill. Trial in the
Superior Court, before *Dunbar*, J., who reported the case for the
consideration of this court, in substance as follows, such decree
to be entered as should seem proper.

Martha A. Davis was seised in fee of the real estate named
in the plaintiff's bill, from March 11, 1884, until the day of the
conveyance by her to Henderson J. Edwards, hereinafter men-
tioned. In September, 1890, she was under arrest upon a com-
plaint charging her with a criminal offence, and desired to be
released on bail. To enable Edwards, who was without prop-
erty, to act for her as surety upon a bail bond, a conveyance of
this land was made by her to him, the deed bearing date of Sep-
tember 1, 1890. It was recorded in the proper registry of deeds
on January 22, 1891, at ten o'clock and fifty minutes in the fore-
noon. Subsequently Edwards became surety for Davis upon a

bail bond or recognizance, and she was released from custody on bail.  At the time of this conveyance to Edwards, he executed and delivered to her an instrument in writing, in which he agreed to reconvey the land to her when the complaint against her should be disposed of.  This paper was never recorded, and the defendants never had any notice of its existence.  It was not produced at the trial.  On October 3, 1890, upon the hearing of the complaint, Davis was discharged by the Police Court of the city of Somerville, which had cognizance thereof.

On said January 22 the defendant Mitchell brought an action at law against Edwards, and on the same day, at ten o'clock and forty minutes in the forenoon, the defendant Lindsay, a deputy sheriff, made an attachment on the writ of all Edwards's interest in and to any and all real estate in the county of Middlesex; and at twelve o'clock and twenty-seven minutes in the afternoon of said January 22 Lindsay deposited in said registry a copy of the writ, with so much of his return thereon as related to such attachment.

On March 16, 1891, Edwards executed, acknowledged, and delivered a release of his interest in the land to Davis, which contained the following statement: " The above estate having been placed in my name, September 1, 1890, by said Martha A. Davis, as security to protect me on a bond which I signed on that date for said Martha A. Davis, said bond having been discharged, I therefore make this reconveyance."  This release contained no release of dower, and was not signed by the wife of Edwards, and on March 19, 1891, he executed, acknowledged, and delivered to Davis a quitclaim deed of all his interest in said land, which contained a release of dower, and was signed by his wife.  Both these last named deeds were recorded in the proper registry of deeds on said March 19.

On June 26, 1891, the defendant Mitchell recovered judgment in the action at law against Edwards for $889.65 damages, and $18.69 costs of suit.  On July 11, 1891, execution was issued and placed in the defendant Lindsay's hands, and on July 24, 1891, he made a levy on the land by virtue of the execution.

On said March 19, Davis executed, acknowleged, and delivered to the plaintiff Jones a mortgage of the land to secure a note for $625 and interest, signed by her and payable to the

plaintiff Jones, and the latter lent to her the sum represented by said note.

This mortgage was recorded in the proper registry of deeds on the same day, to wit, March 19, 1891. From the delivery of the deed from Davis to him, until the delivery of the deed from him to Davis, Edwards had the legal title to the land, but he had no beneficial interest therein after the discharge of Davis by the Police Court, on October 3, 1890; and after the last named date he held it upon a naked trust, to reconvey the same to her upon demand, but neither of the defendants had any notice of such trust prior to the filing of the plaintiffs' bill, except the recording of the release from Edwards to Davis above mentioned.

*C. W. Bartlett & E. R. Anderson*, for the plaintiffs.

*B. Morse*, for the defendants.

LATHROP, J. The attachment in this case was made on January 22, 1891, at forty minutes after ten o'clock in the forenoon, and on the afternoon of the same day, at twenty-seven minutes after twelve o'clock, a copy of the writ was deposited in the registry of deeds. Between these times the deed from Davis to Edwards was recorded. The defendants, who claim under the title derived from the attachment, contend that the attachment did not take effect until the copy of the writ was deposited in the registry of deeds. But as the copy of the writ was deposited within three days, it took effect by the express words of the statute, from the time it was made. Pub. Sts. c. 161, § 65. The last clause of this section relates only to the case where there is a sale to a purchaser, in good faith, after the attachment and before the deposit in the registry of deeds; and it has no application to the case at bar.

At the time the attachment was made, Edwards had no record title to the land in question. It is true that he had an unrecorded deed, but in fact he held this only as security, and he had given to his grantor an agreement to reconvey the land when a criminal complaint against her was disposed of. This complaint had been disposed of long before the attachment. Taking the two instruments together, Edwards had no attachable interest in the land. If the defendants are permitted to avail themselves of one unrecorded instrument, there is no reason why the plaintiff Jones should not have the benefit of the other. The case is governed

on this point by *Cowley* v. *McLaughlin*, 141 Mass. 181, 182, where it was said by Mr. Justice Holmes : " But when the registry shows no title, and the creditor does not know that his debtor has one, which we must assume to have been the fact here, if it be in any way material, we think that he must take what accident throws into his net as he finds it; and that he cannot claim the benefit of a fiction to get more than his debtor really owned."

In *Clark* v. *Watson*, 141 Mass. 248, on which the defendants rely, the deed to the debtor was recorded before the attachment.

*Decree for the plaintiffs.*