## LEVIS *v.* KENGLA.

APPEAL FROM THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 173. Argued January 11, 12, 1898. — Decided February 21, 1898.

Decree affirmed on a question of fact only.

THE case is stated in the opinion.

*Mr. Henry E. Davis* for appellant. *Mr. H. B. Moulton* was on his brief.

*Mr. J. Holdsworth Gordon* for appellees.

MR. JUSTICE GRAY delivered the opinion of the court.

This was a bill in equity, filed by the mortgagor of land in the District of Columbia, more than fifteen years after the sale and conveyance of the land under a power in the mortgage, to redeem the land and to enforce a trust therein.

The Supreme Court of the District of Columbia, after a hearing upon pleadings and proofs, dismissed the bill; and its decree was affirmed by the Court of Appeals. 8 App. D. C. 230. The plaintiff appealed to this court.

The following facts were either admitted or clearly proved: Philip Levis, being the owner of the land, on October 29, 1875, made a first mortgage thereof to trustees to secure the payment of his note to one Clokey for $2000, payable in three years with interest at the annual rate of ten per cent; and on May 13, 1876, made a second mortgage to one Weaver, as trustee, to secure the payment of a promissory note to Charles R. Kengla and George M. Kengla for $300, payable in one year, with like interest. Under this second mortgage, default having been made in the payment of the $300 note, the land was advertised for sale " subject to a prior trust of $2000; " and on October 29, 1877, was accordingly sold by auction, and was bought by the two Kenglas for the sum of $1000,

subject to the first mortgage for $2000. The plaintiff remained in possession of the land for about a year after the sale, and then removed upon notice from the Kenglas to quit, and they have ever since remained in possession. On January 17, 1878, Weaver, as trustee under the second mortgage, conveyed the land to the Kenglas, in accordance with the terms of the sale, and received from them the price of $1000. On May 26, 1879, the Kenglas, with the knowledge of Levis, sold and conveyed part of the land to one Hume for the sum of $2756.89. Levis never claimed any interest in the land, after the conveyance to the Kenglas on January 17, 1878, until he filed the original bill in this case against them on March 29, 1893.

In the bill, the plaintiff alleged that, when the land was put up for sale by auction on October 29, 1877, there being present no bidders nor any persons interested in the purchase of the property except the defendants, the threatened sale was objected to by the plaintiff, and was only permitted to be made, without protest, upon an oral statement by the defendants that they only desired to obtain out of the property the amount of the incumbrances thereon, and that, if he would permit them to go through the form of a sale, they would take and hold the property for his benefit, and would reconvey it to him, or so much thereof as was left after sufficient had been sold to satisfy their claim, together with the costs of the sale; whereupon, relying upon their promise, he suffered an informal sale of the property to be made to them by the trustee.

The defendants, answering under oath, denied that, at any time before the sale to them, there was any understanding, agreement or suggestion, of any kind whatsoever, between them and the plaintiff, to impeach or qualify the absolute purchase of the property by them for their own use and benefit; and alleged that, after that sale, the plaintiff informed them that he believed he could obtain a purchaser for the property at a greater price; that, wishing the plaintiff to obtain as much as possible out of the property, they informed him that if he could obtain such purchaser within two weeks

from the day of sale, they would convey the property to such purchaser, and turn over to the plaintiff the increased price obtained; that the plaintiff endeavored to obtain such purchaser, but finally came to them and informed them that he had failed to find a purchaser; whereupon they obtained a deed from the trustee.

Upon a careful consideration of the conflicting testimony introduced at the hearing, this court fully concurs in one of the positions taken by the Court of Appeals, and stated in its opinion as follows: "The complainant has not established his case by any such preponderance of testimony as is required by the rules of law to overthrow the title of the defendants. On the contrary, the preponderance of testimony is wholly against him. It is unreasonable to suppose that the defendants, having a good security as it stood, would have converted themselves into permanent trustees for an indefinite period for the sole and exclusive benefit of the complainant, the latter never at any time concerning himself with the payment of interest or taxes, or the care of the property in any way, for fifteen years. To establish such an arrangement as this, very positive and satisfactory evidence would be required; and without going into any examination of the testimony, it is sufficient for us here to say that, in our opinion, the testimony wholly fails to establish any such arrangement, or any arrangement whatever upon which a court of equity would be justified in acting. It would seem to be a conclusive answer to the complainant's pretensions, that when, within a year after the sale, and when they deemed their indulgence to him to have reached its legitimate limit, they gave him notice to quit the premises, and thereby plainly intimated to him that they regarded any interest which he might have had in the premises as at an end, he submitted to the notice, without protest, and acquiesced in his exclusion from the property. This conduct, coupled with his utter disregard thereafter of any liability, either in regard to the property or in regard to the indebtedness, is wholly inconsistent with the existence of any such trust arrangement as that which he claims to have been made between him and the defendants." 8 App. D. C. 237.

This view being decisive of the case, it becomes unnecessary to consider the defence of laches, or that of the statute of frauds; and a discussion of the testimony in detail could be of no value as a precedent, and would serve no useful purpose. *Harrell* v. *Beall,* 17 Wall. 590; *Tyler* v. *Campbell,* 106 U. S. 322.

*Decree affirmed.*