## In re MULLEN.

### (District Court, D. Massachusetts. April 26, 1900.)

### No. 1,889.

1. BANKRUPTCY—FRAUDULENT CONVEYANCES—AVOIDANCE BY TRUSTEE.

Bankr. Act 1898, § 70e, providing that "the trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided," gives to a trustee in bankruptcy, with respect to the setting aside of fraudulent conveyances by the bankrupt, only the same rights which are conferred upon the bankrupt's creditors, or any of them, by the common law or the statutory law of the particular state.

2. SAME—RIGHTS OF ATTACHING CREDITOR OF GRANTEE.

Where the law of the state does not permit creditors of a grantor to set aside a fraudulent conveyance made by him, as against an attachment levied by a creditor of the grantee without notice, a trustee in bankruptcy cannot recover property from one who has attached the same in a suit against the holder of the record title, on the ground that such holder received the property by a conveyance from the bankrupt which was fraudulent as to his creditors; the conveyance having been made more than four months before the institution of the proceedings in bankruptcy, and the attaching creditor having no actual notice of the fraudulent nature of the transfer or of the bankruptcy proceedings.

3. SAME—NOTICE.

Where a debtor has conveyed away his property in fraud of his creditors, the institution of proceedings in bankruptcy against him does not give constructive notice to creditors of the grantee of the right of the trustee in bankruptcy to avoid the conveyance and recover the property; and the proceedings in bankruptcy are not, for that purpose, equivalent to a creditors' suit to set aside the conveyance.

4. SAME—TITLE OF GRANTEE.

Although Bankr. Act 1898, § 70a, provides that a trustee in bankruptcy "shall be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, to all * * * property transferred by him in fraud of his creditors," this does not render the title of the fraudulent grantee absolutely void, but only voidable, and does not prevent a creditor of the grantee, without notice, from acquiring rights in the property superior to those of the trustee.

In Bankruptcy. On review of decision of referee in bankruptcy.

Alfred S. Hayes, for trustee in bankruptcy.
Putnam & Putnam, for attaching creditor.

LOWELL, District Judge. The trustee's amended petition, filed February 23, 1900, alleges that in 1892 the bankrupt, by a mesne conveyance, transferred real estate to his wife; the conveyance being duly recorded. No conveyance of this real estate was thereafter made by Mrs. Mullen, who died in 1898. On November 1, 1899, Mullen was adjudicated a bankrupt on his voluntary petition. By writ dated November 3, 1899, the respondent in this case, the Continental National Bank, attached the real estate belonging to Mrs. Mullen in a suit against her administrator, upon which suit the bank subsequently recovered judgment. An execution was issued thereon January 26, 1900, by virtue whereof the respondent levied upon the real estate above mentioned. The petition further alleges that the real estate in question is the property of the bankrupt, that his wife held the title

thereto solely as trustee for his benefit, and that the record title to the real estate had been put in her name by the bankrupt for the purpose of hindering, delaying, and defrauding his creditors. The petition asks that the respondent be ordered to reconvey the real estate to the trustee in bankruptcy. To this petition the respondent has filed a paper in the form of a demurrer, which demurrer was overruled by the referee, of whose decision the respondent has duly sought a review. No question of the general jurisdiction of the court was raised, either before the referee or before me.

Before discussing the questions of law involved in this case, it is proper to say that no opinion is to be taken as expressed upon the applicability of a demurrer to a summary petition in bankruptcy like this. I doubt if the forms of pleading at common law and in equity are applicable to such summary proceedings. It may well be that the objections raised by the demurrer should have been presented, as they certainly might have been, in an answer to the merits. I am also inclined to think that it would have been more regular had the review sought by the respondent in this case been made to await a decision of the referee upon the facts involved. It is not usually convenient for this court, by way of review, to deal twice with the same petition,— once upon the law, and again upon the facts. As, however, all parties are desirous that the questions of law should now be settled, and as it lies in my discretion to pass upon them at this time, I shall not send the case back to the referee for further hearing.

The trustee does not now contend that he is entitled to a conveyance on the ground that Mrs. Mullen held the property in dispute as her husband's trustee, but solely upon the ground that it was conveyed in fraud of his creditors. The clauses of the bankrupt act concerning transfers in fraud of creditors are:

Section 67e:

"That all conveyances, transfers, assignments, or incumbrances of his property, or any part thereof, made or given by a person adjudged a bankrupt under the provisions of this act, subsequent to the passage of this act and within four months prior to the filing of the petition, with the intent and purpose on his part to hinder, delay, or defraud his creditors, or any of them, shall be null and void as against the creditors of such debtor, except as to purchasers in good faith and for a present fair consideration; and all property of the debtor conveyed, transferred, assigned, or encumbered as aforesaid shall, if he be adjudged a bankrupt, and the same is not exempt from execution and liability for debts by the law of his domicile, be and remain a part of the assets and estate of the bankrupt and shall pass to his said trustee, whose duty it shall be to recover and reclaim the same by legal proceedings or otherwise for the benefit of the creditors. And all conveyances, transfers, or incumbrances of his property made by a debtor at any time within four months prior to the filing of the petition against him, and while insolvent, which are held null and void as against the creditors of such debtor by the laws of the state, territory, or district in which such property is situate, shall be deemed null and void under this act against the creditors of such debtor if he be adjudged a bankrupt, and such property shall pass to the assignee and be by him reclaimed' and recovered for the benefit of the creditors of the bankrupt."

Section 70a, subds. 4, 5, which read substantially as follows:

"The trustee of the estate of a bankrupt * * * shall * * * be vested by operation of law with the title of the bankrupt as of the date he was adjudged a bankrupt * * * to all * * * (4) property transferred by

him in fraud of his creditors; (5) property which, prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him. * * *"

### Section 70e:

"The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, from the person to whom it was transferred, unless he was a bona fide holder for value prior to the date of adjudication. Such property may be recovered or its value collected from whoever may have received it, except a bona fide holder for value."

I find myself unable to interpret and arrange all these provisions so that they shall be altogether free from contradiction, repetition, and redundancy. Manifestly, they deal (perhaps not exclusively) with transfers made by the bankrupt in fraud of his creditors, and the classes in which they arrange these transfers are not mutually exclusive. Clause "e" of section 67 was inserted in the bankrupt act at a very late state of its consideration. It is not found in the house bill, so called, as printed in S. 1035, 55th Cong., 2d Sess. In that draft section 67 ends with clause "d." The origin of the interpolated clause I have not been able to discover. Section 67f, which was interpolated at the same time, is said to have been added in order to strengthen the bill. See In re Richards, 96 Fed. 935, 939, 37 C. C. A. 634. A part of the phraseology of section 7 of the so-called senate bill printed in S. 1035 suggests a part of the phraseology of the second sentence in the existing clause "e," but the differences are as considerable as the resemblances. The interpolation of the latter part of clause "e" was so hastily made from a draft of some other bankrupt bill that the word "assignee" was left therein, and was not changed to "trustee," according to the nomenclature of the existing act. There is nothing to be found in the senate bill resembling the first half of clause "e," which seems to have had a separate origin. Most of the property dealt with in one part of the clause is again dealt with somewhat inconsistently in the other part, and the whole clause, thus introduced without corresponding amendments to other parts of the bill, contains contradictions and superfluities. As the conveyance in question is not within the terms of any part of section 67e, not having been made within four months prior to the filing of the petition, that clause need not be further considered here, and it is mentioned only to show that it has not been overlooked, and that little argument by way of analogy can be drawn from its provisions. Section 70a, subd. 4, invests the trustee with the title to property transferred by the bankrupt in fraud of his creditors. By section 67e the trustee had been already vested with the title to some property so transferred. But section 70a, subd. 4, in its present form was part of the bill before section 67e was interpolated, and was not modified to suit the interpolation. The inconsistency of the clauses, one of which invests the trustee with property transferred in fraud of creditors within four months of bankruptcy, and the other with property so transferred without limit of time, is thus explained. Probably section 70a was not so much intended to avoid certain classes of transfers, as to declare the right of the trustee to avoid transfers voidable by other persons. A similar observation is applicable to section 70a, subd. 5. See Pratt v. Curtis,

2 Low. 87, Fed. Cas. No. 11,375. The history of section 70e is as follows:

In its original form the Torrey bill read:

"The trustee may avoid any transfer, by the bankrupt, of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, or his assignee, unless he is a bona fide holder for value."

Subsequently the clause was altered to read as follows:

"The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a bona fide holder for value prior to the date of the filing of the petition. Such property may be recovered, or its value collected from whoever may have received it except a bona fide holder for value." H. R. 9348, 52d Cong., 1st Sess.

This alteration left the clause as it now stands, except that the words "filing of the petition" have been changed to "adjudication."

It is contended by the respondent that the application of the first sentence is limited to the immediate transferee of the bankrupt, while the second sentence is intended to deal with the case of an assignee from such original transferee. If the first sentence is limited to the immediate transferee, the construction above stated is the correct one; and by the removal from the first sentence of the phrase "or his assignee," and by the plain reference in the second sentence to the assignee of the original transferee, I am brought to think that the respondent's contention above stated is correct, and that the case of the assignee of the original transferee is dealt with exclusively in the second sentence. It is hard to imagine, indeed, how an original transferee in fraud of creditors can be a bona fide holder for value, as is implied by the construction thus given to the first sentence of the clause; but, in general, I am inclined to think that section 70e was intended to provide simply that the trustee in bankruptcy should have the same right to avoid conveyances as was possessed by creditors, and this with especial reference to the statute of 13 Eliz., and similar statutes of the several states. Section 70e was not intended to define what conveyances creditors of the bankrupt might avoid, or to distinguish, in the respect of such conveyances, between the rights of the creditors taken together and the rights of a trustee in bankruptcy, but only to give to the trustee such rights as the creditors, or any of them, possessed. In Low. Bankr. p. 513, it is said to add nothing to the common law. The statute of 13 Eliz. makes void, as against creditors, conveyances in fraud of creditors, but provides that the operation of the statute shall not extend to any estate conveyed upon good consideration and bona fide. In inserting a like exception in section 70e, I think congress meant substantially to re-enact the exception placed in the statute of Elizabeth, and not to give to bona fide purchasers for value greater or less rights than those which that statute gives them. The reference to bona fide purchasers in section 70e should therefore receive the same construction that a like reference has received in the statute of 13 Eliz. and its American substitutes. Now, it has been generally held in the United States that, where

property conveyed in fraud of creditors is first attached by creditors of the transferee who have no knowledge of the fraud, their attachment will prevail as against the rights of defrauded creditors of the transferror. Parker v. Freeman, 2 Tenn. Ch. 612; Applegate v. Applegate (Iowa) 78 N. W. 34, 38; Shallcross v. Deats, 43 N. J. Law, 177. That this is so in Massachusetts is clear. Gibbs v. Chase, 10 Mass. 125. The right of the bankrupt's creditors to set aside the conveyance here in question was given by the law of Massachusetts, of which law the statute of 13 Eliz. is a part. See Bump, Fraud. Conv. § 12. The right originally given by the statute of 13 Eliz. has been in some respects modified by the statutes of Massachusetts, and the whole law upon the subject has been interpreted by the decisions of Massachusetts courts. By the interpretation put by those courts upon the law which gives the right, I am bound. Schreyer v. Scott, 134 U. S. 405, 10 Sup. Ct. 579, 33 L. Ed. 955, and cases there cited. If the rights of the trustee under section 70a, subds. 4, 5, and section 70e, are substantially those possessed by the creditors of the bankrupt under the law of Massachusetts, the trustee in this case cannot defeat the respondent's attachment unless the respondent shall be held, before the attachment, to have been affected with notice of the bankruptcy proceedings. I do not think that he was so affected. It has been said, indeed, that bankruptcy proceedings affect with notice the whole world (Bank v. Sherman, 101 U. S. 403, 406, 25 L. Ed. 866); and this in spite of section 21e. See Hall v. Whiston, 5 Allen, 126. But bankruptcy proceedings can hardly affect any one with notice that certain property standing in the name of a stranger belongs to the bankrupt. This limitation of the effect of the notice given by bankruptcy proceedings was generally recognized under the act of 1867 (Paddock v. Fish [D. C.] 10 Fed. 125; Myers v. Hazzard [C. C.] 50 Fed. 155; Murray v. Jones, 50 Ga. 109; Jarrell v. Harrell, 1 Woods, 476, Fed. Cas. No. 7,222), and was apparently assumed in Harrell v. Beall, 17 Wall. 590, 21 L. Ed. 642. It has been said in Massachusetts that the attaching creditor is regarded in the light of a bona fide purchaser. Cowley v. McLaughlin, 141 Mass. 181, 182, 4 N. E. 821. But the attaching creditor is not a bona fide purchaser for value, though he may in some respects resemble one. Certainly he is not a purchaser "in good faith and for a present fair consideration," within the provisions of the first sentence of section 67e. Here I need not decide what is his relation to a bona fide purchaser for value. The decision in this case is put upon these grounds: (1) That by section 70e the trustee is given only the rights of the bankrupt's creditors; (2) that by the law of Massachusetts these rights do not extend to defeating a prior attachment made by a creditor of the fraudulent grantee, who had no notice of the fraud or of bankruptcy proceedings; and (3) that bankruptcy proceedings do not give constructive notice of the trustee's rights in a case like this, and are not, for the purpose of giving notice, the equivalent of a creditors' suit to avoid the conveyance. I do not decide that the respondent here is a bona fide purchaser for value, but only that the exception of such purchasers introduced into the bankrupt act was intended, not to vary, but to

101 F.—27

confirm, the interpretation otherwise put upon the statute of Elizabeth, and similar American statutes. For these reasons, though with great doubt, I think that the respondent's position in this case is a sound one, and that his attachment will hold against the claim of the trustee in bankruptcy. Were the transfer in fraud of creditors brought within the provisions of section 67e, the result might well be different.

The trustee contends that the legal title to the real estate transferred in fraud of creditors passed to the trustee upon adjudication, and so there was no title to be attached by a creditor of the transferee, and none to be taken by a bona fide purchaser for value. But I do not so understand the bankrupt act. It is true that section 70a, subd. 4, gives the trustee the title of the bankrupt to all property transferred by him in fraud of creditors; but this vesting of the trustee with certain rights and with a certain title was not intended, as it seems to me, to make absolutely void a transfer hitherto held to be only voidable; and this conclusion is strengthened by the language of section 70e, which states that the trustee may avoid certain transfers of the bankrupt as a creditor might avoid them, thus plainly implying that, against the trustee as against the creditor, the transferee's title is not void, but voidable,—voidable at law as well as in equity, but still only voidable. George v. Kimball, 24 Pick. 234. In this case the contest is not between the bankrupt's transferee and his creditors, but between the creditors of two persons, one of whom has the record title to the property, as well as a legal title to it, though that title is voidable at law, and another person who has conveyed it so fraudulently that his creditors may avoid the conveyance. This is not a question of equality of distribution among all the creditors of the bankrupt, but a controversy between the creditors of one person and the creditors of another, where no general maxim that equality is equity can apply. The judgment of the referee is reversed, and the petition of the trustee is dismissed.