In re BERKMAN et al.

(District Court, D. Massachusetts. April 11, 1901.)

No. 3,266.

BANKRUPTCY (§ 302*)—PROCEEDING BY TRUSTEE—PETITION—CERTAINTY.

A court of bankruptcy, in the exercise of its equitable powers, will not compel a respondent to answer a petition or bill which did not state a cause of action with reasonable certainty, but the petitioner will be given leave to amend within a specified time.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 456, 457; Dec. Dig. § 302.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Jacob Berkman and others. On petition of Samuel O. Reinstein, trustee, to recover certain alleged withheld property. Petition held fatally defective for uncertainty.

A. K. Cohen, of Boston, Mass., for bankrupt.
Samuel O. Reinstein, of Boston, Mass., pro se.
J. J. Silverman, of Boston, Mass., for creditor.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LOWELL, District Judge. In this case the jurisdiction of the court is consented to. To the trustee's petition, a paper in the form of a demurrer has been filed. As was said in Re Mullen (D. C.) 101 Fed. 413, it is doubted if a demurrer be applicable to a summary petition in bankruptcy like this. By special leave of the court, however, the case has been heard on the question of law at this time, before the referee has had an opportunity to hear the facts and pass upon them.

The trustee's amended petition in this case may be taken to allege, though not very clearly, that the bankrupt had some interest in real estate before his adjudication, and that, with fraudulent intent, he failed to enter this interest upon his schedule; that one Lynch, who was in some undescribed way his trustee, at his request, gave a lease of this real estate to one Ginsberg at a rent less by $600 than its fair letting value; that in consequence of this reduction Ginsberg entered into a contract with the bankrupt, by which he agreed to pay the bankrupt for services to be rendered by the latter. These services, the trustee alleges, were of little or no value; the real consideration of the payment which Ginsberg agreed to make having been the reduction in rent aforesaid. Thereafter Ginsberg broke his contract, and, as the result of arbitration, agreed to pay $1,100 to Berkman as damages for the breach, which sum the trustee seeks to recover by his petition.

If the sum to be paid by Ginsberg to Berkman, nominally for Berkman's services, but really for rent of Berkman's premises, had been paid to Berkman, he might, by bill in equity, be compelled to turn over the money so received to the trustee in bankruptcy; but the allegations in the petition are so vague, and so much irrelevant matter is therein contained, that I am not able, after a careful reading, to ascertain its fair meaning. Equity will not compel a defendant to answer a bill, nor will a court of bankruptcy in the exercise of its equitable power compel a respondent to answer a petition in bankruptcy, where bill or petition fails to state the cause of action with reasonable certainty.

The petitioner has leave to amend his petition at any time within one week from this date. If the petition is not by that time amended so as to state a cause of action, it will thereupon be dismissed.