In re SNELLING.

(District Court, D. Massachusetts. November 6, 1912.)

No. 17,768.

1. BANKRUPTCY (§ 288*)—COURTS OF BANKRUPTCY—SUMMARY PROCEEDING.

A petition to have a trustee in bankruptcy decreed to hold certain real estate standing in the name of the bankrupt in trust for petitioner, and required to convey the same, is a summary proceeding.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 447; Dec. Dig. § 288.*]

2. BANKRUPTCY (§ 302*)—"SUMMARY PROCEEDING"—PROCEDURE.

"Summary procedure," in bankruptcy, implies a single hearing in each tribunal, at which the merits of the controversy are investigated and decided, without much regard to formal pleadings, and such a controversy should not be disposed of on a demurrer, unless the facts are undisputed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 456, 457; Dec. Dig. § 302.*

For other definitions, see Words and Phrases, vol. 7, p. 6786.]

In the matter of S. Rodman Snelling, bankrupt. On review of decision of referee.

See, also, 202 Fed. 259.

Goodwin & Proctor, of Boston, Mass., for petitioner.

J. Duke Smith, of Boston, Mass., for trustee.

MORTON, District Judge. This is a petition praying that the trustee in bankruptcy of S. Rodman Snelling be decreed to hold in trust for the benefit of the petitioner, and 'to convey to her, the legal title to certain real estate standing in the name of the bankrupt. The trustee demurred to the petition. The referee sustained the demurrer, and the petitioner seeks to review his decision.

[1, 2] It is plainly a summary proceeding. In re Epstein, 156 Fed. 42, 84 C. C. A. 208, 17 L. R. A. (N. S.) 465. I share the doubts expressed by Lowell, J., in Re Mullen (D. C.) 101 Fed. 413, and Re Berkman (U. S. District Court, Massachusetts, No. 3,266, April 11, 1901) 201 Fed. 180, as to the propriety of a demurrer in summary proceedings. Summary procedure implies, I think, a single hearing in each tribunal, at which the merits of the controversy are investigated and decided, without much regard to the formal pleadings. The use of a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

demurrer carries the right to answer over, if the demurrer be overruled. There has been no final disposition of the matter before the referee. If the demurrer should be overruled, the case must go back to him to state the facts, with the possibility of a second appeal from his decision.

I infer, from what was said at the argument, that there is no real controversy over the facts as stated in the petition. The merits have been fully argued. No objection has been taken to the pleadings. If within seven days the parties file a stipulation that judgment on the demurrer shall be final, I will keep and decide the case. Otherwise, it is to be recommitted to the referee to state the facts.