LUIGI PIANTADORI *vs.* MARY A. NALLY & others.

Middlesex. March 14, 1919. — June 17, 1919.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Attachment,* Of real estate standing in name of another.

If the holder of the title to certain real estate delivers a deed of it to one who does not record the deed, but who at once as part of the same transaction executes and delivers a deed of the premises to a third person, and it does not appear that the record title was retained in the first holder for the purpose of securing the land from attachment or for the purpose of delaying, defeating or defrauding creditors, an attachment of the land thereafter made in an action against the first grantee, as land of the first grantee standing in the name of the record holder of the title, is ineffectual, and a purchaser at an execution sale after a levy following a judgment in such action receives no title either under the provisions of R. L. c. 167, § 63, or of R. L. c. 178, § 1, because at the time of the attachment the land described was not "the land of [the] debtor."

WRIT OF ENTRY in the Land Court, dated June 24, 1918.

The tenants were Mary A. Nally, Annie E. Nally and Edwin L. Stone. Stone filed a disclaimer. The case was heard in the Land Court by *Davis,* J., who made findings of fact in substance as follows:

The demanded premises were owned in 1915 by the tenant Mary.

Previous to September of that year she executed a deed conveying them to her daughter, the tenant Annie, but the deed was not recorded. In September the premises were taken on an execution obtained against Mary and were sold to the tenant Stone. On May 29, 1917, in an action of contract by this demandant against Mary, upon a special precept an attachment of the "estate of the said Mary A. Nally standing in the name of Edwin L. Stone" was made, as described in the opinion, and was followed by a sale on execution to the demandant, as also there described. The tenant Annie E. Nally is the daughter of the tenant Mary. At the time the special precept was taken out the counsel for the demandant was advised from an examination of the records that there was no real estate standing in the name of Mary A. Nally, but that the demanded premises were then standing in the name of Stone under the execution sale. The time for redemption had then expired. He ascertained from Stone, however, that his debt had been paid in full and that he had reconveyed the property to Mary. At the same time that the demanded premises were reconveyed from Stone to Mary, a deed was executed conveying them from Mary to Annie, but neither deed was recorded until March 30, 1918, when they were recorded together. The deeds from Stone to Mary and from Mary to Annie were simultaneous and formed a part of one transaction. The counsel for the demandant, although he knew of the unrecorded deed from Stone to Mary, did not know of the unrecorded deed from Mary to Annie.

"I do not find that the title to the demanded premises was retained in said Stone either for the purpose of fraudulently securing the land from attachment, or for the purpose of delaying, defeating or defrauding creditors. When a reconveyance was obtained from Stone it could easily have been made direct to the said Annie. Full value was paid for it. It is, of course, possible that the deeds were kept off of the records and the title left in Stone's name for the purpose of defrauding creditors of both Mrs. Nally and her daughter, but there is no evidence before me that would cause me to so find."

The judge ruled that the attachment, levy of execution and sale were valid and judgment was entered for the demandant. The tenants Mary A. and Annie E. Nally appealed.

The case was argued at the bar in March, 1919, before *Rugg,* C. J., *Loring, De Courcy, Pierce, & Carroll,* JJ., and afterwards was submitted on briefs to all the justices.

*B. F. Murphy,* for the tenants.

No counsel appeared for the demandant.

DE COURCY, J. Piantadori sued Mary A. Nally in an action of contract, and on May 29, 1917, a special precept issued for an attachment of the "estate of the said Mary A. Nally standing in the name of Edwin L. Stone." Attachment was thereupon made of all right, title and interest the said Mary A. Nally had on that date in and to any and all real estate in the county of Middlesex, and · also of "the following described real estate, the record or legal title to which now stands in the name of Edwin L. Stone, to wit," the demanded premises, particularly described. The demandant obtained judgment in that action, execution was levied on all the right, title and interest which Mary A. Nally had in said real estate at the time of the attachment; and Piantadori was the purchaser at the execution sale on April 27, 1918. Later he brought this writ of entry against Edwin L. Stone, Mary A. Nally and Annie E. Nally. The tenant Stone filed a disclaimer. In the Land Court judgment was entered for the demandant; and the case is here on the appeal of the other tenants.

At the time of the attachment from which the demandant derives his rights, the record title to the property in question was in said Stone, and had been since September, 1915. Counsel for Piantadori ascertained from Stone that he had conveyed the locus to Mary A. Nally. The date of this deed does not appear; but a deed was executed at the same time conveying the premises from said Mary A. to said Annie E. Nally. These deeds were not recorded until March 30, 1918.

It would seem that the special attachment in question was made in accordance with the provisions of R. L. c. 167, § 63, on the assumption that the title was retained in Stone with the intent and for the purpose of fraudulently securing the property from attachment by a creditor of Mary A. Nally. That contention is now disposed of by the decision of the judge of the Land Court: "I do not find that the title to the demanded premises was retained in said Stone either for the purpose of fraudulently securing the

land from attachment, or for the purpose of delaying, defeating
or defrauding creditors."

According to the interpretation of the Land Court, the attach-
ment, levy and sale as authorized and actually made were all made
directly on the land of the debtor under the authority of the first
part of R. L. c. 178, § 1. See *Cunningham* v. *Bright,* 228 Mass.
385. Assuming this interpretation of the "special" attachment to
be correct, the difficulty with the judge's conclusion is that the
locus was not "the land of [the] debtor," Mary A. Nally. Neither
on the face of the records nor in fact did she have anything to
attach. *Cowley* v. *McLaughlin,* 141 Mass. 181. The property
was actually owned by Annie E. Nally. It is true that by virtue of
R. L. c. 127, § 4, a creditor of Stone, without actual notice of the
unrecorded deeds, could have attached the land as Stone's prop-
erty. *Woodward* v. *Sartwell,* 129 Mass. 210. See *Coffin* v. *Ray,*
1 Met. 212. And the demandant's actual notice of the unrecorded
deed to Mary A. Nally would have precluded him from acquiring
title by attachment on a claim against Stone the record owner.
His ignorance of the unrecorded deed to Annie E. Nally does not
entitle him by virtue of this statute to take her property in pay-
ment of his claim against Mary A. Nally, who then had no title
to or attachable interest in the property, on the face of the records
or otherwise. She had been a mere conduit to pass the title; and
whatever interest she acquired by the deed from Stone she had parted
with by her deed to Annie E. Nally, who purchased the property
without fraud and for full value prior to the attachment in ques-
tion. The purpose of R. L. c. 127, § 4, was to give the sanction of
enactment to the rule already adopted by judicial decisions.
*Dole* v. *Thurlow,* 12 Met. 157, 164. And as was said in *Lawrence* v.
*Stratton,* 6 Cush. 163, 167, where the history of this statute is
traced, ". . . the sole or at least the main object of the registra-
tion of deeds was to give constructive notice of such conveyances
to purchasers and creditors, having a purpose to acquire title to
an estate by conveyance or attachment; and, therefore, if a pur-
chaser or creditor should attempt to acquire title to the estate
by purchase or attachment, having actual notice of the prior deed,
unrecorded, it would be a fraud upon the holder of such prior
deed, to attempt to defeat it, by setting up his junior recorded deed;
which the law would not allow, and so such notice was held to be
an exception to the statute."

The present case cannot be distinguished from *Haynes v. Jones*, 5 Met. 292. As the ruling of the Land Court in favor of the demandant was wrong, the appeal must be sustained, and judgment entered for the tenants.

*So ordered.*