JOSEPH B. SOLANS & another[1] *vs.* BRIAN P. MCMENIMEN, SR., & another.[2]

No. 10-P-1049.

Suffolk. May 10, 2011. - August 22, 2011.

Present: COHEN, SMITH, & WOLOHOJIAN, JJ.

*Real Property,* Deed, Conveyance, Attachment, Mortgage. *Mortgage,* Conveyance subject to mortgage.

In a civil action brought in the Land Court seeking a declaratory judgment, a judge erred in directing the entry of judgment in favor of a defendant mortgagee, where the language of a general attachment, which had been obtained by the plaintiffs in a separate civil action and recorded, against all the right, title and interest of a defendant mortgagor in real property in a certain county, was broad enough to reach the mortgagor's unrecorded interest in the property at issue [180-184]; and where, pursuant to the recording statute, G. L. c. 183, § 4, the mortgage, unrecorded at the time the plaintiffs obtained the attachment, was invalid as against the plaintiffs. [184-185]

CIVIL ACTION commenced in the Land Court Department on August 25, 2008.

The case was heard by *Charles W. Trombly, Jr.,* J., on a motion for summary judgment.

*Matthew T. Christensen* for the plaintiffs.

*Jeffrey B. Loeb* for WM Specialty Mortgage, LLC.

WOLOHOJIAN, J. The plaintiffs, Joseph and Christine Solans, obtained and recorded a general attachment against all "right, title and interest" of defendant Brian McMenimen in real estate located in Hampshire County. At the time of the attachment, McMenimen owned a certain parcel of Hampshire County real estate and had granted a mortgage on it to secure a loan. Although both the transfer of the property to McMenimen and the grant of the mortgage occurred before the plaintiffs obtained and

---

[1]Christine P. Solans.

[2]WM Specialty Mortgage, LLC.

recorded their attachment, neither the deed nor the mortgage was recorded until several months after the attachment. As a result, if the record had been examined at the time the attachment was obtained, McMenimen would not have appeared as the owner of the property, and there would have been no evidence of the mortgage. This appeal presents two questions: (1) whether a general writ of attachment against all of a person's "right, title and interest" in real estate attaches real estate owned by unrecorded deed; and (2) whether such an attachment, if effective, takes priority over a prior unrecorded mortgage. We answer both questions in the affirmative.

*Background.* The competing encumbrances at issue in this case relate to a parcel of residential property (property) located at 18 Aspen Street in the town of Ware, in Hampshire County. The material facts surrounding the property are not in dispute.

On November 9, 2005, Christine Solans executed and recorded a declaration of trust establishing the 18 Aspen Street Realty Trust (trust).[3] Christine Solans was named trustee. The trust was designed as a "nominee trust" in the sense that the trustee was permitted to act only at the express direction of the beneficiaries. Although his name appeared nowhere on the recorded declaration, Brian McMenimen was the sole beneficiary of the trust.[4] By deed dated and recorded November 10, 2005, one Jeanne Slate conveyed the property to Christine Solans in her capacity as trustee.

By instrument dated March 30, 2006, Christine Solans resigned as trustee of the trust. On June 8, 2006, a successor trustee, Richard Gauthier, conveyed the property to McMenimen individually. On the same date, McMenimen granted a mortgage on the property to Mortgage Electronic Registration Systems, Inc. (MERS). At present, codefendant WM Specialty Mortgage, LLC (Specialty Mortgage), is the holder, by assignment from MERS, of the mortgage. For reasons that are not contained in the record before us, neither the deed nor the mortgage was recorded until October 13, 2006, more than six months later.

[3]All recordings relevant to this decision were in the Hampshire County registry of deeds.

[4]The declaration referenced a separate schedule of beneficiaries to be filed with the trustee alone. This schedule (itself never recorded) listed McMenimen as the sole beneficiary of the trust.

The following events took place after June 8, 2006 (when the property was conveyed to McMenimen and he granted a mortgage), but before October 13, 2006 (when those two transactions were recorded). On August 25, 2006, the plaintiffs, Christine and Joseph Solans, individually and doing business as Phoenix R.E. Development, sued McMenimen in Superior Court and moved for a prejudgment attachment on McMenimen's real estate.[5] On September 14, 2006, a judge in the Superior Court allowed an attachment in the amount of $70,000. On September 22, 2006, a sheriff served and recorded a general writ of attachment against "all the right, title and interest of the within named defendant BRIAN MCMENIMEN OF HAMPSHIRE COUNTY has in and to any and all real estate located within the County of Hampshire."[6]

In May, 2008, the plaintiffs obtained a judgment against McMenimen, which they levied upon by timely recording a copy of the execution. See G. L. c. 236, § 4; G. L. c. 223, § 59.

On August 25, 2008, the plaintiffs filed the present action in the Land Court seeking a determination that their attachment constitutes an encumbrance on the property superior to the mortgage now held by Specialty Mortgage. Upon Specialty Mortgage's motion for summary judgment, a Land Court judge issued a judgment declaring the attachment subordinate to the mortgage. The judge determined that the plaintiffs' attachment "was recorded before [McMenimen] even took title to the [property]" and that the attachment did not "cover after-acquired property." It followed, in the judge's view, that the plaintiffs' attachment had never reached the property at all and, consequently, could not be superior to the mortgage.

*Discussion.* We begin by addressing the state of McMenimen's title on September 22, 2006, the date on which the

---

[5]It appears that the plaintiffs formerly partnered with McMenimen in certain real estate development ventures, the details of which are not entirely clear from the record. A falling out between the parties led to Christine Solans's resignation as trustee in March, 2006, and the plaintiffs' Superior Court lawsuit against McMenimen in August, 2006.

[6]The attachment took effect on the date of its recording, September 22, 2006. See G. L. c. 223, § 66 ("If the copy of the writ is deposited, as aforesaid, within three days after the day when the attachment was made the attachment shall take effect from the time it was made, otherwise, from the time when the copy is so deposited").

plaintiffs' attachment became effective. Although he failed to record his interest until October 13, 2006, McMenimen legally acquired the property on June 8, 2006, the day title was transferred to him from Gauthier, as trustee. Recording of the deed was not required to complete the conveyance. The deed, being duly executed and delivered, was "sufficient, without any other act or ceremony, to convey [the property]." G. L. c. 183, § 1. Although McMenimen's failure to record exposed his deed to potential defeat by third parties protected by the recording statute, G. L. c. 183, § 4, it did not impair the underlying transfer from Gauthier to McMenimen. See *Cooper* v. *Monroe*, 237 Mass. 192, 198 (1921); *Jacobs* v. *Jacobs*, 321 Mass. 350, 350-351 (1947); *Collins* v. *Huculak*, 57 Mass. App. Ct. 387, 390 n.6 (2003). See also 14 Powell, Real Property § 82.01[3], at 82-12 (M. Wolf ed. 2011) ("[I]nterests in real property are legally and effectively transferred by delivery of a deed or other document of conveyance, even if the document is not recorded").

Because McMenimen owned the property on September 22, 2006, this is not a case of attempting to attach after-acquired property. Compare *Shamrock, Inc.* v. *Federal Deposit Ins. Corp.*, 36 Mass. App. Ct. 162, 165 (1994) ("[A]n attachment does not cover after-acquired property, unless a court were expressly so to order"). Instead, the case involves the attachment of already-acquired, but after-*recorded*, property.

Relying on G. L. c. 223, §§ 66 and 67, Specialty Mortgage argues that a general attachment can only encumber a property if the writ includes the name of the *record* owner. We disagree. Generally speaking, unrecorded interests in land are capable of being attached. See G. L. c. 223, § 42; G. L. c. 236, § 1.[7,8] Although G. L. c. 223, § 66, requires that the record owner's

---

[7]General Laws c. 223, § 42, as appearing in St. 1975, c. 501, § 1, establishes, subject to certain exceptions not relevant here, that all real property "liable to be taken on execution . . . may be attached upon a writ of attachment in any action in which the debt or damages are recoverable." See Mass.R.Civ.P. 4.1, 365 Mass. 737 (1974). General Laws c. 236, § 1, defines real property subject to execution as including, inter alia, "[a]ll the land of a debtor in possession." Also made subject to execution by G. L. c. 236, § 1, are certain commonly unrecorded real property interests ("land . . . in . . . remainder or reversion"; "land . . . on a trust for [a debtor], express or implied, whereby he is entitled to a present conveyance") and one type of interest unrecorded by definition ("land . . . purchased . . . by [a debtor] but the record title of

name appear on the writ in order for the attachment to be valid against subsequent good faith purchasers, see *Teschke* v. *Keller,* 38 Mass. App. Ct. 627, 632 (1995), the absence of the record owner's name does not invalidate the writ ab initio. See *Jones* v. *Mitchell,* 158 Mass. 385, 387 (1893) ("The last clause of [what is now § 66] relates only to the case where there is a sale to a purchaser, in good faith, after the attachment and before the deposit in the registry of deeds"). The relevant text of G. L. c. 223, § 66, provides:

> "attachments of land . . . shall in no case be valid *against purchasers in good faith and for value* . . . in any case where the name of the owner thereof under which he acquired title thereto as appears on the public records is not included in the writ" (emphasis supplied).

Similarly, G. L. c. 223, § 67 (governing so-called "special" attachments),[9,10] does not invalidate an attachment as a general

which has been retained in the vendor or conveyed to a third person with intent to defeat, delay or defraud the creditors of the debtor").

[8]*Haynes* v. *Jones,* 5 Met. 292 (1842), cited by Specialty Mortgage, is not to the contrary. In that case one Derby conveyed land to McIntire, merely for the purpose of enabling McIntire to convey the land to Jones. McIntire did convey the land to Jones, but neither the deed from Derby to McIntire nor the deed from McIntire to Jones was recorded. Haynes then obtained a general attachment against all of McIntire's real estate. On these facts, the court held that McIntire had no "attachable interest" because "McIntire never had any possession, never had any title by record, and was a mere conduit to pass the title to [Jones]." *Id.* at 293. The fact that McIntire lacked record title was not dispositive — indeed, it was secondary to the fact that McIntire acted as a conduit to pass title to Jones. See *Woodward* v. *Sartwell,* 129 Mass. 210, 211 (1880) ("It is settled in this Commonwealth, that where a person to whom land is conveyed by deed immediately conveys the land to another, so that the deeds are parts of the same transaction, and the seisin is instantaneous and only for the purpose of conveyance . . . it is not the subject of an attachment by his creditors"); *Jones* v. *Mitchell,* 158 Mass. 385, 387 (1893); *Piantadori* v. *Nally,* 233 Mass. 158, 161 (1919).

[9]Section 67 governs the so-called "special" attachment of certain classes of real property including, inter alia, land fraudulently conveyed and land "held on a trust for the debtor, express or implied, whereby he is entitled to a present conveyance." Specialty Mortgage argues that the plaintiffs could have obtained a special attachment in the name of the property's record owner, the 18 Aspen Street Realty Trust. Whether that might have been advisable, there is nothing in G. L. c. 223 that required it.

[10]The plaintiffs argue at some length their attachment against "Brian Mc-

matter, but only as against subsequent good faith purchasers. Any such attachment "shall not be valid *against a subsequent attaching creditor, or against a subsequent purchaser in good faith and for value*," unless the attaching officer returns to the court, among other things, "the names of the persons in whom the record or legal title stands" (emphasis supplied). There is, in summary, nothing in G. L. c. 223 (or Mass.R.Civ.P. 4.1) that requires a writ of attachment to be in the name of the record owner before it can have any legal effect. Both recorded and unrecorded interests can be effectively attached by way of a writ against the interest's owner. See *M'Mechan* v. *Griffing*, 9 Pick. 537, 538 (1830); *Pratt* v. *Wheeler*, 6 Gray 520, 522 (1856). A creditor's failure to obtain a writ against the record owner may expose the attachment to defeat by subsequent good faith purchasers or creditors, but it does not of itself otherwise invalidate the attachment.[11]

Whether a given writ of attachment reaches unrecorded interests will, of course, depend on the scope of the writ as authorized by the court. Cf. *Shamrock, Inc.* v. *Federal Deposit Ins. Corp.*, 36 Mass. App. Ct. at 165. Here, the plaintiffs attached "all of the right, title and interest of the within named defendant BRIAN MCMENIMEN OF HAMPSHIRE COUNTY has in and to any and all real estate located within the County of Hampshire." This language was broad enough to reach McMenimen's unrecorded interest in the property. The phrase "right, title and interest" is the traditional phrase used for conveying a quitclaim interest, see *Fales* v. *Glass*, 9 Mass. App. Ct. 570,

---

Menimen" should be considered equivalent to an attachment against the trust because the trust "constituted no more than an agency whereby the trustee acted as agent for and at the direction of . . . McMenimen." This argument has no merit — the record owner of land held in trust (including a nominee trust) is the trust. See G. L. c. 223, § 67; *Zuroff* v. *First Wisconsin Trust Co.*, 41 Mass. App. Ct. 491, 493-494 (1996). While nominee trusts are treated as agency relationships in some contexts, see *Roberts* v. *Roberts*, 419 Mass. 685, 688 (1995), our cases have never held that the form of a nominee trust can simply be collapsed or disregarded.

[11]Our own research led us to the case of *Cowley* v. *McLaughlin*, 141 Mass. 181 (1886), which was not cited by the parties. At our request, however, they submitted supplemental briefing on how, if at all, it applies to this case. We are not persuaded by Specialty Mortgage's argument that *Cowley* supports the proposition that unrecorded interests can never be attached as a matter of law. Among other things, such a reading is at odds with the plain language of G. L. c. 223, §§ 66 and 67. We are not persuaded that *Cowley* warrants a result different from the one we reach here.

574 (1980), and thus embraces titles and interests both recorded and unrecorded, see *Conte* v. *Marine Lumber Co., Inc.*, 66 Mass. App. Ct. 505, 506-507 (2006). There is "no reason, why any description, however general and comprehensive its terms, which clearly embraces the land, and which would be sufficient to pass the land by a deed, should not bind it by attachment." *Taylor* v. *Mixter*, 11 Pick. 341, 347 (1831).

Having concluded that the plaintiffs successfully attached the property, what remains for us to determine is whether the attachment has priority over the prior unrecorded mortgage. The mortgage, as noted above, was granted on June 8, 2006, and recorded on October 13, 2006. The plaintiffs obtained their attachment on September 14, 2006, and recorded it on September 22, 2006. The plaintiffs claim priority under our recording statute which provides, in relevant part, that

> "A conveyance of an estate . . . shall not be valid as against any person, except the grantor or lessor, his heirs and devisees and persons having actual notice of it, unless it . . . is recorded in the registry of deeds."

G. L. c. 183, § 4, as appearing in St. 1973, c. 205. See *Tramontozzi* v. *D'Amicis*, 344 Mass. 514, 517 (1962) (unrecorded mortgage is subject to defeat under G. L. c. 183, § 4).

It is undisputed that the plaintiffs had no notice of the unrecorded mortgage when they obtained and recorded their attachment.[12] Our cases have long held that an attaching creditor takes the status of a purchaser for value, "so an attachment, when duly made, has the effect of a prior purchase and takes precedence of a prior unrecorded [conveyance]."[13] *Woodward* v. *Sartwell*, 129 Mass. 210, 212 (1880). See *Marshall* v. *Fisk*, 6

---

[12]The plaintiffs argue, again at some length, that MERS had notice of the plaintiffs' attachment on the date the mortgage was finally recorded (October 13, 2006). Even if that is true, it is of no legal significance. "Actual notice" as contemplated by the recording statute refers to a grantee's knowledge at the time of the conveyance. See *Flynt* v. *Arnold*, 2 Met. 619, 623 (1841); *Ratshesky* v. *Piscopo*, 239 Mass. 180, 184 (1921). Notice of an adverse claim acquired between the time of conveyance and the time of recording is irrelevant. See 14 Powell, Real Property § 82.02[1][c]-[d].

[13]In other words, had the plaintiff purchased the property from McMenimen instead of attaching his interest, the result would be no different. See *Tramontozzi* v. *D'Amicis*, 344 Mass. at 517.

Tyng 24, 30 n.4 (1809); *Kahler* v. *Marshfield,* 347 Mass. 514, 516 (1964); *General Builders Supply Co.* v. *Arlington Co-op. Bank,* 359 Mass. 691, 696-697 (1971). The plaintiffs thus fall squarely within the scope of the recording statute: the mortgage, unrecorded at the time the plaintiffs obtained their attachment, is invalid as against the plaintiffs, and the attachment takes priority over the prior unrecorded mortgage. See *Waltham Co-op. Bank* v. *Barry,* 231 Mass. 270, 272-273 (1918).

*Conclusion.* The plaintiffs' general writ of attachment against all of McMenimen's "right, title and interest" in real estate in Hampshire County was effective to reach the property, notwithstanding that McMenimen's ownership of the property was unrecorded at the time of the attachment. Because the plaintiffs are entitled to status as purchasers for value and lacked notice of the prior unrecorded mortgage granted by McMenimen, their attachment is superior to that mortgage. The judgment is reversed and the matter is remanded to the Land Court for further proceedings consistent with this opinion.

*So ordered.*