STATE v. HOFFMAN.    (No. 5824.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 20, 1916.    Rehearing Denied Jan. 17, 1917.)

1. TAXATION ⬦⟶841—REFUSAL TO PAY—PENALTY—TENDER.

Under Rev. St. art. 7692, providing that any one refusing to pay his taxes until January 31st next succeeding the return of the assessment rolls to the comptroller shall be subject to a penalty of 10 per cent. on the tax, defendant, who on January 28th tendered the collector the amount of his legal taxes which was refused, and who on January 31st served a writ of injunction on the collector, and who on February 2d again tendered the legal taxes which were refused, did all he could to pay his taxes, and thereby relieved himself from all penalties, interest, and costs; the tender of the legal taxes being sufficient, and the illegal tax being separable from the legal tax.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1657; Dec. Dig. ⬦⟶841.]

2. TAXATION ⬦⟶514—LIEN—TENDER.

A lien for taxes was extinguished by the tender thereof made good by the payment in the registry of the court, so that the court properly refused to foreclose a lien on the taxpayer's property.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 956–961; Dec. Dig. ⬦⟶514.]

Appeal from District Court, Duval County; V. W. Taylor, Judge.

Suit by the State of Texas against Charles Hoffman for taxes, together with interest, penalties, and costs. Judgment for the State for the taxes alone, and it appeals. Affirmed.

J. F. Clarkson, of San Diego, for the State. Dougherty & Dougherty and G. C. Robinson, all of Beeville, for appellee.

FLY, C. J.    This is a suit by appellant to recover the taxes due by appellee for the year 1913, together with interest, penalties, and costs. The cause was tried, without a jury, and judgment was rendered in favor of appellant for the taxes without penalties, interest, or costs.

On January 28, 1914, appellee tendered to the tax collector of Duval county all taxes due by him, but the collector refused to accept the taxes because a tax of 20 cents on the $100, levied for courthouse and jail purposes, was not tendered. The collection of the last-named tax was enjoined by the district court on January 30th, and an order issued directing the tax collector to accept the sums of money tendered by appellee and his coplaintiffs. The bond for injunction was filed on January 31st, and the writ issued, and on February 2, 1914, the amount of the taxes was again tendered, but refused because a 10 per cent. penalty was not tendered. Afterwards, on October 23, 1915, taxpayers, among the number being appellee, obtained an injunction restraining the county attorney from suing for the courthouse and jail tax. No appeal was taken from that order or the final order, and it is not contended in this case that the collection of the taxes should not have been enjoined. The full amount of the taxes demanded in this suit were tendered into court.

[1] The contention of appellant is that the court erred in not rendering jugment in its favor for the penalty, interest, and costs. The taxes for the year 1913, alleged to amount to $2,140.34, less the courthouse and jail tax, were sued for, with penalties, interest, and costs. The taxes for 1913 could have been paid, without a penalty, at any time before February 1, 1914. On January 28, 1914, appellee tendered the collector of taxes for Duval county the identical taxes sued for in this case, but he refused to accept the same, and that tender protected appellee against all penalties, interest, and costs that might have been assessed against him for a failure to pay the taxes. By his first tender he had fully protected himself, and such penalty, interest, and costs could not again accrue. The writ of injunction was served on the tax collector on the afternoon of January 31, 1914, the same being Saturday, and on Monday, February 2d, the legal taxes were again tendered and again refused. It is not seriously contended that the first tender did not protect appellee against the imposition of penalties, interest, and costs; but it is insisted that, because the tax was not paid on the afternoon of January 31st, the penalties, interest, and costs again arose. The proposition amounts to the assumption that, if appellee had not sued out the writ of injunction, he would have been immune as to the penalty, interest, and costs, but because the court required the tax collector to receive the taxes, and they were not again tendered until February 2d, the penalty again attached. We are of opinion that the first tender formed a barrier to the collection of the penalty, and that it did not again attach as soon as the writ of injunction was served. Penalties are not favored in equity, and, unless there is a plain case of a failure or refusal to pay taxes, the penalty will not be imposed. Cooley on Taxation, pp. 901 and 902, and notes.

The tender of the legal taxes was sufficient, the illegal taxes being clearly separable from the legal taxes. State v. Fulmore (Tex. Civ. App.) 71 S. W. 418; First National Bank of Lampasas v. City of Lampasas, 33

Tex. Civ. App. 530, 78 S. W. 42.. Appellant had not failed or refused to pay his taxes, as contemplated by article 7692, Rev. Statutes. That statute provides:

"If any person shall fail or refuse to pay the taxes imposed upon him or his property by law until the thirty-first day of January next succeeding the return of the assessment rolls of the county to the comptroller, a penalty of ten per cent. on the entire amount of such taxes shall accrue. * * * "

Appellee did all he could to pay his taxes, and made his original tender good by tendering the amount of taxes again on February 2d, and again when this suit was instituted. He thereby relieved himself of all penalties, interest, and costs. Clark v. Colfax County, 2 Neb. (Unof.) 133, 96 N. W. 607; Loan & Trust Co. v. Codington County, 9 S. D. 159, 68 N. W. 314. As said in the last case cited:

"The county was offered all it was entitled to collect. * * * It refused the offer, and must now be content with a judgment for the amount it should have accepted. Payment of the valid portion was not required. A tender was sufficient."

[2] The lien was extinguished by the tender, made good by the payment into the registry of the court, and the court properly refused to foreclose a lien on appellee's property. Cooley, Taxation, pp. 808 and 809; Tracey v. Irwin, 18 Wall. 459, 21 L. Ed. 786.

There was no basis for the suit instituted against appellee, as he was ready and willing to pay the taxes and twice tendered the same before the suit was brought. The desire for the penalty turned the scale against receiving the taxes, and the suit was the result.

The judgment is affirmed.