## TACEY *v.* IRWIN.

Under the act of June 7th, 1862, " for the collection of the direct tax in insurrectionary districts," &c., as construed in *Bennett* v. *Hunter* (9 Wallace, 326), a tender by a relative of the owner of the tax due upon property advertised for sale is a sufficient tender. And if the tax commissioners have, by an established general rule announced and a uniform practice under it, refused to receive the taxes due unless tendered by the owner in person, even a formal offer by another to pay is unnecessary. It is enough if a relati e of the owner " went to the office of the commissioners to see after the payment of the tax on the property, but made no formal offer to pay because it was in effect waived by the commissioners, they declining to receive any tender unless made by the owner in person."

ERROR to the Circuit Court for the Eastern District of Virginia; the case as found by that court being thus:

Under an act of Congress approved June 7th, 1862, and entitled " An act for the collection of the direct tax in insurrectionary districts," &c., certain direct taxes which had been laid by former law, were specifically charged on every parcel of land in the rebellious States, according to divisions and valuations in the act prescribed. And in default of payment of the tax the statute ordered the land to be advertised for sale and sold. The act, however, allowed " *the owner or owners of the land.*" to pay the tax to certain tax commissioners mentioned, and to take a certificate therefor, by virtue of which the lands should be discharged of the tax.

In 1864, one Irwin owned a piece of land, subject to this statute, in Alexandria, Virginia, he himself being away. The taxes on it being unpaid, the commissioners gave notice that they would be at their office in Alexandria at certain times named, to receive the direct tax assessed and fixed by law on the lots and tracts of land in Alexandria, under and by virtue of the act of Congress abovementioned. But the commissioners adopted a rule not to receive the taxes due on property advertised for sale, unless tendered by the owner in person. This rule was adopt d in pursuance of instruc-

tions from some officer of the Treasury Department, and was so rigidly enforced that neither friend, relative, nor agent was allowed to pay for the absent owner; their applications to pay and save the property from sale being uniformly refused by the commissioners, under the operations of the rule in question. After the premises belonging to Irwin were advertised for sale, one of his relatives went to the office of the commissioners to see after the payment of the tax on the property, but made no formal offer to pay because it was in effect waived by the commissioners; they declining to recognize any tender, unless made by the owner in person. The land was accordingly sold by the commissioners as land on which the taxes had not been paid, and was bought by one Tacey. Hereupon Irwin brought suit against him to recover it, and by judgment of the court upon the preceding case, did recover it. To reverse that judgment this writ of error was taken.

*Mr. Willoughby, in support of the ruling below,* relied on *Bennett* v. *Hunter,** where a tenant of the owner went and tendered payment of the tax on certain lands sold, the owner being away, which tender was held by this court in the case cited to be sufficient.

*Mr. S. F. Beach, contra,* sought to distinguish this case from that, since here there had been no tender at all; and no specific refusal.

Mr. Justice DAVIS delivered the opinion of the court.

The case is not distinguishable in principle from that of *Bennett* v. *Hunter.* In that case it was insisted in support of the tax deed, that the right to pay the tax before sale was limited to the owner in person, and could not be exercised by the tenant in possession who had offered to pay it. This position was not sustained, but the court held that the payment of the tax which the act requires to be made by the

---

* 9 Wallace, 326.

owner, need not, necessarily, be made by him in person. It is enough, if it be made by any person for him, on the ground that an act done by one for the benefit of another is valid if ratified, either expressly or by implication, and that such ratification will be presumed in furtherance of justice.

It is difficult to see how, upon the case as found here, the sale can be sustained. The law does not require the doing of a nugatory act, as would have been a formal tender of payment, after the action of the commissioners, declining to receive the taxes fror. any person in behalf of the owner. *Bennett* v. *Hunter* decides that the owner has the right to pay, either in person or through any one not disavowed by him, who is willing to act for him. This right the commissioners, by the rule which they established and the uniform practice under it, effectually denied. The friends and agents of absent owners were informed that it was useless to interpose in their behalf, and that unless the owner appeared in person and discharged the tax, the property would be sold. This was equivalent to saying that a regular tender by any other person would be refused. While the law gave the owner the privilege of paying by the hands of another, the commissioners confined the privilege to a payment by the owner himself. This was wrong, and was a denial of the opportunity to pay accorded to the owner by the act, and the lands were, therefore, not delinquent when they were sold.

If an offer in a particular case to pay the tax before sale, and refused by the commissioners because not made by the owner in person, renders a subsequent sale by the commissioners void,* surely a general rule announced by the commissioners, that in all cases such an offer would be refused, must produce the same effect. Such a rule of necessity dispenses with a regular tender in any case. In the absence of any proof to the contrary, it is a legal presumption that the tax in this case, though not actually offered, would have been offered and paid before sale but for the known refusal

---

* Bennett *v.* Hunter, *supra.*

of the commissioners to accept any offer when not made by the owner in person.

If so, the commissioners were not authorized to make the sale in controversy, and the judgment must be

Affirmed.