**UNITED STATES of America,
Plaintiff,**

v.

**Wyman C. LOWE and H. Thaxton Monk, Jr., Administrator of the Estate of Mrs. Dorothy E. Reece, Defendants.**

**No. 9489.**

United States District Court
N. D. Georgia,
Atlanta Division.
March 24, 1966.

Charles L. Goodson, U. S. Atty., Slaton Clemmons, Asst. U. S. Atty., Atlanta, Ga., for plaintiff.

Wyman C. Lowe, Atlanta, Ga., for Lowe.

Smith, Ringel, Martin & Lowe, Atlanta, Ga., for Monk and Reece.

Charles R. Smith, Charles E. Walker, Atlanta, Ga., for Reece.

### ORDER ON MOTION FOR SUMMARY JUDGMENT

SIDNEY O. SMITH, Jr., District Judge.

The Court after considering the pleadings, evidence, requests and briefs, now makes and files herein its Findings of Fact and Conclusions of Law, separately stated:

### FINDINGS OF FACT

1. This is an action in interpleader brought by the United States of America due to its liability to determine whether or not Mrs. Albert (Dorothy E.) Reece, now deceased, is the proper party to assert a right of redemption to a one-half undivided interest in the following real estate sold at a Federal Tax Sale on March 31, 1964, to wit:

"Lots 3, 4, 5, 6 and a portion of 7, of Block 1, Land Lot 145, of the 14th District of Fulton County, Georgia."

2. The one-half undivided interest in said property prior to sale belonged to Albert Lee Reece. Dorothy E. Reece

owned the other one-half undivided interest.

3. Defendant, Wyman C. Lowe, was the purchaser at such sale for a purchase price of $2,550.00 for which he received a Certificate of Sale from a Revenue Officer of the Internal Revenue Service of the United States of America, covering the one-half undivided interest of Albert Lee Reece in said property.

4. On February 25, 1965, Mr. Reece executed quit-claim deeds describing said property to Mrs. Reece.

5. That Mrs. Reece died during the year of 1965 and on October 14, 1965, by order of the Court Mr. H. Thaxton Monk, Jr. was substituted as party-defendant in her place.

6. On or about April 21, 1964, James M. Roberts, Esq., by letter signed by Mrs. Dorothy Benton Reece, tendered to defendant Lowe the sum of $2,578.00 to redeem the property hereinbefore described, which was not accepted by defendant Lowe.

7. In the afternoon of March 4, 1965, Mr. Charles R. Smith, acting as attorney at law for and in behalf of Mrs. Reece, handed and tendered to Mr. Lowe an amount of money in currency (allegedly $3,060.00) to redeem said property, which was refused by Mr. Lowe.

8. On February 23, 1965, Mr. Lowe transferred his interest in said property and the Certificate of Sale to Mrs. Robert Richardson.

9. Mr. Lowe withheld said transfer and assignment from record in the office of the Clerk of Fulton Superior Court, Fulton County, Georgia, and refused to reveal the address or whereabouts of Mrs. Robert Richardson.

10. On March 10, 1965, Mrs. Robert Richardson executed a re-transfer and assignment to said property and said Certificate of Sale to Mr. Lowe and same was filed in the office of the Clerk of Fulton Superior Court on the same day.

11. On March 24, 1965, Mr. Charles R. Smith, by way of letter of that date, forwarded to Mr. George Gearin of the United States of America Internal Revenue Service a certified check in the amount of $3,060.00 as tender for the purpose of redeeming said property as provided in 26 U.S.C.A. § 6337.

12. On March 30, 1965, Mr. Gearin by letter of that date, returned said check to Mr. Smith stating that the tender was not rejected and would again be received.

13. On March 31, 1965, Mr. Smith by letter of that date, returned said check to Mr. Gearin tendering same for redemption of said property.

14. On February 4, 1966, the United States of America filed its motion requesting that it be allowed to deposit said check into the Registry of this Court and be discharged from any further liability to the defendants herein, and be dismissed as a party to this action.

## DISCUSSION

1. The first question to be decided is whether or not Mrs. Reece had a right to redeem the property.

"The owners of any real property sold as provided in section 6335, their heirs, executors, or administrators, or any person having any interest therein, or a lien thereon, or any person in their behalf, shall be permitted to redeem the property sold, or any particular tract of such property sold, or any particular tract of such property, at any time within 1 year after the sale thereof." 26 U.S.C.A. § 6337(b) (1).

It is contended by Mr. Monk that Mrs. Reece has the right of redemption under that part of the above code section which states * * * "or any person having any interest therein, or any person in their behalf, * * *." By Georgia Code Section 85–1001, it is provided:

"Wherever two or more persons, from any cause, are entitled to the possession, simultaneously, of any property, a tenancy in common is created. Tenants in common may have unequal shares; they will be held to be equal unless the contrary appears. The fact of inequality shall not give the per-

son holding the greater interest any privileges, as to possession, superior to the person owing a lesser interest, as long as the tenancy continues."

Under the statutory definition of tenants in common, above quoted, Mrs. Reece was a tenant in common and this coupled with the quit claim deeds gave her such an interest in the property as would entitle her to redeem same.

From the earliest times this right has been clearly recognized and jealously guarded by United States Courts.

In Bennett v. Hunter, 76 U.S. (9 Wall.) 326, 335, 19 L.Ed. 672 it was stated:

"The assessment of the tax merely created a lien on the land, which might be discharged by the payment of the debt, and it seems unreasonable to give to the act, considered as a revenue measure, a construction which would defeat the right of the owner to pay the amount assessed and relieve his lands from the lien."

In Corbett v. Nutt, 77 U.S. (10 Wall.) 464, 19 L.Ed. 976 it was stated:

"Courts should give to statutes authorizing redemption from tax sales, a construction favorable to owners."

The same case also holds:

"A person having charge of the estate of the owners, who were laboring under disability by reason of their coverture, may make the redemption of their lands under the act of June 7, 1862."

Although Corbett v. Nutt deals with a sale under another act and tender before sale of the property it clearly shows that leniency should be afforded in the redemption of property. (Also see in this respect Tacey v. Irwin, 85 U.S. (18 Wall.) 549–552, 21 L.Ed. 786).

In Samet v. U. S., D.C., 242 F.Supp. 214(1) it was stated:

"Spouse claiming inchoate right to dower in property owned by husband and subject to tax lien had sufficient interest to permit her redemption from tax sale. G.S.N.C. § 29–30; 26 U.S. C.A. (I.R.C.1939) §§ 3702(b) and (1), 3703(b)."

Although the facts in Samet v. U. S. (supra) differ from those in the instant case in that it dealt with the wife's right of dower, it would appear that a wife's right of dower is further removed than that of a tenant in common. By being a tenant in common coupled with the quit-claim deeds, Mrs. Reece was such a person entitled to redeem the property from the tax sale and she clearly had the right to protect this interest by redeeming the property. (See in this respect 51 Am.Jur., Taxation, Section 1106, p. 959–960 and 85 C.J.S. Taxation Section 850 (p. 222)).

2. Deciding that Mrs. Reece is a proper party entitled to redeem the property, the next question presented is whether there was a proper exercise of the right of redemption. In this regard, Title 26 U.S.C.A. Section 6337(b) (2) provides:

"Such property or tract of property shall be permitted to be redeemed upon payment to the purchaser, or in case he cannot be found in the county in which the property to be redeemed is situated, then to the Secretary or his delegate, for the use of the purchaser, his heirs, or assigns, the amount paid by such purchaser and interest thereon at the rate of 20 percent per annum."

It is contended by Plaintiff that four (4) tenders were made in an effort to redeem, to wit:

(a) April 21, 1964, by James M. Roberts in writing to Mr. Lowe.

(b) Tender of $3,060.00 in United States currency to Mr. Lowe in person by Mr. Smith on March 4, 1965.

(c) By tender of the certified check in the amount of $3,060.00 to Mr. George Gearin of the Internal Revenue Service on March 24, 1965.

(d) By re-tender of the certified check in the amount of $3,060.00 to Mr. George Gearin of the Internal Revenue Service.

As to tender "(a)" above, defendant Lowe does not deny receiving same; however, he does deny knowledge of the

exact date it was received. The letter said

"Pursuant to Title 26, Section 6337, of the U.S. Code, I hereby tender to you the sum of $2,578.00 to redeem * * *. (describing the property)."

On its face the letter shows a tender sufficient to redeem. However, as the quitclaim deed was not executed until February 25, 1965, we will not determine whether or not this tender was sufficient.

As to tender "(b)" above, the evidence is undisputed that Mr. Charles Smith aproached defendant Lowe while in the lobby of the Civil-Criminal Courts Building on Pryor Street, Atlanta, Georgia, and handed defendant Lowe some amount of United States currency stating he wished to redeem the property. Mr. Smith was advised that the title certificate had been transferred and was later given a photocopy of the transfer which assigned defendant Lowe's interest to Mrs. Richardson. As the amount of money tendered is in dispute, we will not determine whether or not this tender was sufficient.

As to tender "(c)" and "(d)" above, the facts are undisputed that on March 24, 1965, Mr. Smith mailed or delivered to Mr. Gearin a letter with a certified check for $3,060.00 endorsed in blank by Mr. Smith as tender to the Secretary or his delegate in behalf of Mrs. Reece; that Mr. Gearin mailed or delivered by way of letter the check back to Mr. Smith on March 30, 1965, which Mr. Smith again returned on March 31, 1965; that the letter from Mr. Gearin was addressed to both Mr. Smith and defendant Lowe and stated therein:

"To Mr. Smith's copy of this letter, we are attaching his certified check on the amount of $3,060.00 so that a tender may be made to Mr. Lowe if Mr. Smith deems this advisable under the facts and circumstances of this case. *We are not rejecting Mr. Smith's tender* and if he so desires, we will again receive this check for whatever legal effect it might have." (Emphasis ours)

In the case of Kennedy v. Bateman, 217 Ga. 458, 464, 123 S.E.2d 656, 660 it was stated:

"Bank checks and promissory notes are not payment until themselves paid. Code § 20–1004. 'A bill, acceptance, or note of the debtor or a third person is not an extinguishment of the original demand, unless there is an express agreement to receive it as payment.' (cited cases). *It is the rule that, where a check or draft is accepted as payment it operates as payment.*" (Emphasis ours)

As Mr. Gearin expressly agreed to accept the certified check as payment and did accept same as payment, we hold that there was an exercise of the right of redemption as provided in 26 U.S.C.A. § 6337(b) (2).

## CONCLUSIONS OF LAW

(1) The Court has jurisdiction of the parties and of the subject matter.

(2) Mrs. Dorothy E. Reece, as the owner of a one-half undivided interest in the property covered by the Certificate of Sale coupled with the quit-claim deed from Mr. Reece to Mrs. Reece, is such a "person having any interest therein" and therefore entitled under the provisions of Section 6337(b) (1), Title 26, United States Code to exercise the right of redemption provided thereunder.

(3) Tender of the amount of the bid, with interest thereon at the rate of 20 per cent per annum, was made to the delegate of the Secretary of the Internal Revenue Service, for the use of the purchaser, his heirs, or assigns, as provided in Section 6337(b) (2), Title 26, United States Code.

(4) Defendant, Wyman C. Lowe, is the owner of the proceeds of the certified check in the amount of $3,060.00 now on deposit in the registry of the Court.

(5) Defendant Monk, as Administrator of the Estate of Dorothy E. Reece, deceased, is entitled to a decree cancelling the Certificate of Sale issued by L. J. Kitchens, Levying Officer, to defendant Wyman C. Lowe.

(6) Plaintiff, United States of America, shall deposit into the Registry of this Court the certified check in the amount of $3,060.00 and is discharged from further liability.  Upon compliance with this order, the government's motion to dismiss is granted.

It is so ordered.