**638**

UNITED FEDERAL SAVINGS AND
LOAN ASSOCIATION OF PUERTO
RICO, Plaintiff,

v.

Adolfo NONES and Iris Emilia Santiago
De Nones, Defendants,

First National City Bank, Intervenor.

Civ. No. 430-66.

United States District Court
D. Puerto Rico.

April 19, 1968.

J. O. McConnie, San Juan, P. R., for plaintiff.

McConnell, Valdes, Kelley & Sifre, San Juan, P. R., for defendants.

### ORDER

CANCIO, Chief Judge.

By order of December 19, 1967 this Court granted priority to Intervenor's attachment rights over plaintiff's mortgage on the proceeds of the sale of defendant's property. By motion of December 28, 1967 plaintiff requested the amendment and reconsideration of this order. Plaintiff's motion was denied by order of January 30, 1968 and plaintiff filed a further motion on February 9, 1968 requesting reinstatement of its motion for amendment and reconsideration. Arguments on the applicable law have been advanced by both Plaintiff and Intervenor. A hearing was held on April 5, 1968. After considering the contentions of both parties, this Court denies the last motion of plaintiff of February 9, 1968, requesting a reinstatement of its previous motion.

Attached as exhibits to his motion for reinstatement, Plaintiff included part of the text of three treatises by a Cuban and a Spanish author commenting on pertinent articles of the Mortgage Law and the Civil Code. A summary of the Opinion No. 199 of December 1, 1930 of the Supreme Court of Cuba was included at page 202 of Plaintiff's Exhibit "A". In this opinion the Supreme Court of Cuba held that a cautionary notice of attachment registered in the Registry of the Property had preference over an unrecorded mortgage. The same principle was sustained in the Opinion of the Supreme Court of Spain of April 8, 1965, copy of which was attached as an exhibit to Intervenor's memorandum. Although the opinions just referred to are not

binding on this Court, we find them persuasive.

Plaintiff relies on articles 44 of the Mortgage Law and 1823 of the Civil Code which provide that a cautionary notice of attachment shall have preference only with regard to subsequent credits. Plaintiff alleged that its credit was not subsequent because it was created on the date the mortgage deed was executed, and this date was before the credit of Intervenor was created and before the cautionary notice of attachment was presented to the Registry of the Property. However, the articles just referred to have to be construed together with articles 1827 of the Civil Code, 1774 of the Civil Code and 146 of the Mortgage Law.

Article 1827 of the Civil Code provides that mortgage credits and cautionary notice credits shall enjoy priority among themselves according to the priority of the respective entries or record in the Registry of the Property. In its opinion No. 199, supra, the Supreme Court of Cuba held that article 1927 (equivalent to our article 1827) determines the priority among themselves of entered or recorded credits of three different categories: mortgage credits, agricultural credits and cautionary notice credits by attachment. Under this theory the conflict of preference between a cautionary notice credit and a mortgage credit is resolved by the seniority of their entries in the Registry of the Property. In this case the cautionary notice of Intervenor had preference to the mortgage of plaintiff because it was entered in the Registry of the Property prior to the recording of said mortgage. The Supreme Court of Spain, in its opinion of April 8, 1965, supra, held that the "subsequent" proviso of article 1923 of the Civil Code (1823 in our Code) does not release mortgage credits from the requirement of being recorded in the Registry of the Property, with all the consequences in regard to the pos-

sible priority of other credits in relation to them.

Under article 146 of the Mortgage Law and 1774 of the Civil Code recording of the mortgage is an essential requirement to its valid constitution. A spanish Commentator of the Mortgage Law, J. Morell & Terry, in his treatise "Comentarios a la Legislación Hipotecaria" stated [1] that before article 1774 of the Civil Code was enacted, recording of a mortgage was required only to protect the rights of a mortgage creditor from a claim by an innocent third party who met the requirements of the Mortgage Law and thus was relying on a previous validly recorded title. If neither the mortgage creditor had recorded its mortgage, nor the third party had recorded its title, then the preference between the credits was governed by the Civil Law. After the enactment of article 1774 the situation was changed in that the unrecorded mortgage can not prejudice innocent third parties with rights over the property object of the mortgage since the mortgage represents only a personal credit.

Plaintiff relies on the case of Fernández vs. Márquez & Co., 3 P.R.R. 200; Hidalgo vs. Garcia de la Torre, 4 P.R.R. 64; Batista vs. Taboas, 15 P.R.R. 382; Longpré v. Wolff, 23 P.R.R. 13 and Crespo v. Superior Court, 83 P.R.R. 547. The *Crespo* case concerns the conflict between a purchaser of real property with an unrecorded title and a creditor with a registered cautionary notice of judgment. This case does not help plaintiff because the rights of a purchaser with an unrecorded title are completely different to those of a creditor with an unrecorded mortgage. The title of a purchaser is valid even if unrecorded and it gives the purchaser rights over third parties who are not relying on another title of equal rank recorded before that of purchaser. Absence of recordation prevents the existence of the in rem security of the mortgage and

---

1. J. Morell & Terry, Comentarios a la Legislación Hipotecaria, Fourth Volume, 1930 edition, page 227.

leaves the creditor with a strictly personal credit against debtor. The other cases just referred to are based on the principle that under no circumstances can an attaching creditor have the rights of an innocent third party (tercero). This principle was changed by the case of Ramos Mimoso v. Tribunal Superior of Puerto Rico, San Juan Section, Ref. Colegio de Abogados 66–88 (June 3, 1966).

■■■ Where there are inconsistent decisions of a state court, the federal courts should apply the most recent decision. Vanderbark v. Owens-Illinois Glass Co. (1941) 311 U.S. 538, 61 S.Ct. 347, 85 L.Ed. 327. Decisions of a state court must be followed unless the federal court is convinced by other persuasive data that the highest court would decide otherwise. West v. American Telephone & Telegraph Co. (1940) 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139; Meredith v. City of Winter Haven (1943) 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9; Bernhardt v. Polygraphic Company of America (1955) 350 U.S. 198 at 211, 76 S.Ct. 273, 100 L.Ed. 199; Fahs v. Martin (C.A.5th, 1955) 224 F.2d 387; Union Bank & Trust Co. v. First Nat'l. Bank (C.A. 5th, 1966) 362 F.2d 311.

We enter anew our orders of December 19, 1967 and January 30, 1968. The proceeds of the sale in execution of judgment will be disposed of in the order provided in our order of December 19, 1967.