Bernadette DiFOGGIO, Plaintiff,

v.

UNITED STATES of America, Gaetano J. DeLisa and Barbara Jean DeLisa, Defendants.

No. 77 C 4021.

United States District Court, N. D. Illinois, E. D.

June 6, 1979.

**234**

William J. Wise, Coles & Wise, Ltd., Dorothy B. Johnson, Bernard S. Armel, Chicago, Ill., for plaintiff.

Michael Schiessle, Park Ridge, Ill., T. Kazan Ray, Tax Div., Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM OPINION AND ORDER

CROWLEY, District Judge.

Plaintiff brought this action in an attempt to regain lawful possession of her home,[1] which was seized and sold by the Internal Revenue Service (IRS) pursuant to § 6335 of the Internal Revenue Code of 1954 (the Code). Jurisdiction is based on 28 U.S.C. § 1340 and 28 U.S.C. § 2463. The events which resulted in this lawsuit may be summarized as follows.

Plaintiff resided at 3428 S. Parnell Avenue, Chicago. Until that property was seized, it was held in a land trust (known as Trust # 73141) under Agreement dated June 14, 1973. Drovers National Bank of Chicago was named as Trustee and plaintiff was the sole owner of the beneficial interest.

The beneficial interest in the Trust was seized September 9, 1977, for taxes owing the Government from Mrs. DiFoggio and her husband. Plaintiff's liability arose from the joint federal income tax returns she filed with her husband in 1971, 1973, 1974 and 1975. At the time of the seizure, $5,021.06 was due with respect to those joint returns. In addition, plaintiff's husband, Michael, owed the Government more than $12,000 for employer withholding taxes in connection with his sole proprietorship.

Shortly after the beneficial interest of the Trust was seized, the IRS served plaintiff with a Notice of Seizure. It stated that the beneficial interest had been seized because $17,502.34 in taxes was due from Michael and Bernadette DiFoggio. Plaintiff was also mailed a Notice of Sealed Bid Sale concerning the property.

Plaintiff alleges that upon inquiry, her attorney was told by an IRS supervisor that a taxpayer could redeem prior to a sale of property if one-half of the back taxes due would be tendered and if arrangements would be made for deferred payment of the remainder. Plaintiff and her attorney, then, assumed she needed $8,500 to prevent the sale of her beneficial interest in the Trust. Apparently, Mrs. DiFoggio was only able to raise $7,000 and no pre-sale redemption was tendered to the IRS.

Actually, the $17,502.34 figure on the Notice of Seizure represented the combined indebtedness of the DiFoggios, but plaintiff was only liable for $5,021.06. An internal worksheet prepared by an IRS agent indicated that these liabilities were separate. (Montelongo Dep. 67, 68; Exhibit 5–F to Montelongo Dep.) However, the separate indebtedness was not shown on the notices plaintiff received. In addition, since plaintiff was the sole owner of the beneficial interest of the land trust, the Government could satisfy only Mrs. DiFoggio's liability from the sale of the property.[2]

As stated previously, plaintiff did not make a pre-sale redemption and a sealed bid sale was held September 13, 1977. Defendant DeLisa's bid of $6,300.41 was the highest of two bids submitted and he was

---

1. The property is described:

Lot 68 in Assessor's Division of Block 11 in Canal Trustees Subdivision of Section 33, Township 39 North, Range 14 East of the Third Principal Meridian in Cook County, Illinois.

2. The IRS agent later stated that if plaintiff had brought in a check for $5,208.98 he would have stopped the sale. (Montelongo Dep. 86, 87).

issued a certificate of sale of the beneficial interest in the Trust. The defendant then presented the certificate to Drovers National Bank, which conveyed the property to him and his wife by Trustee's deed. On September 30, 1977, the DeLisas filed suit in the Circuit Court of Cook County to evict plaintiff from her home.

At a hearing in the eviction proceeding on October 19, 1977, plaintiff tendered to defendants DeLisa a cashier's check in the amount of $6,426.42 in redemption of the property in question pursuant to § 6337 of the Code. The DeLisas refused the payment. Mrs. DeFoggio then commenced this action on October 31, 1977.

Plaintiff presented three counts in her amended complaint (the complaint). First, she alleges that the sale was defective because the procedures followed by the IRS did not comply with § 6335 of the Code. Specifically, plaintiff claims that the Notice of Seizure, the Notice of Sealed Bid Sale and a required advertisement of the sale improperly reflected that the property was seized to satisfy taxes due from both Michael and Bernadette DiFoggio, not plaintiff alone. In addition, plaintiff alleges that the Notice of Sealed Bid Sale was mailed to plaintiff rather than personally served as required by statute. A final allegation of impropriety is that the IRS misled plaintiff and her attorney into thinking that $8,500 had been required to release the seizure prior to sale.[3]

In Count II of the complaint, plaintiff alleges that the DeLisas wrongfully refused her tender in redemption of the property pursuant to § 6337 of the Code. In the last alternative Count, Mrs. DiFoggio states that if the procedures followed by the IRS did not violate § 6337, then that section is unconstitutional and, as applied in this case, deprives plaintiff of property without due process of law in violation of the 5th and 14th Amendments.

Plaintiff and the DeLisas have made simultaneous motions which would render a final judgment if granted. Mrs. DiFoggio moved for summary judgment and the DeLisas moved to dismiss the complaint.[4] Since the arguments in support of each motion are directly responsive to each other, we consider them in concert. Further, since we grant plaintiff's motion as to Count II of the complaint, we do not reach the issues in Counts I and III.[5]

It is an undisputed matter of record in the Circuit Court of Cook County eviction proceeding that the DeLisas refused plaintiff's tender of a cashier's check in the amount of $6,426.42 on October 19, 1977. This tender met the statutory time and price requirements of § 6337(b).[6] However, the defendants claim that they were justified in refusing the redemption because under Illinois law the beneficial interest in a land trust is personalty and there is no statutory right to redeem personal property. In addition, the DeLisas allege that Michael DiFoggio was the actual owner of the beneficial interest in the land trust as beneficiary of a resulting trust, so plaintiff cannot redeem the property. Finally, the defendants claim that by the language of the trust agreement the ownership of the beneficial interest transferred to Mrs. Di-

---

3. In the prayer for relief in Count I, plaintiff requests, in part, that title be quieted as against Gaetano and Barbara DeLisa. However, Count I does not purport to state a claim against the DeLisas and is addressed solely to the allegedly defective procedures followed by the IRS.

4. The DeLisas have rested on their privilege of waiting to answer the complaint until their motion has been decided. Fed.R.Civ.P. 12(a)(1). Defendant United States answered both the original and amended complaints.

5. This is not to say that these counts are without merit. Plaintiff has raised serious ques-

tions as to the propriety of the Government's conduct on this matter.

6. Section 6337(b) provides:
   *(b) REDEMPTION OF REAL ESTATE AFTER SALE.—*
   *(1) PERIOD—The owners of any real property sold as provided in section 6335, their heirs, executors, or administrators, or any person having any interest therein, or a lien thereon, or any person in their behalf, shall be permitted to redeem the property sold, or any particular tract of such property, at any time within 120 days after the sale thereof.*

Foggio's children at the time it was seized and, therefore, plaintiff could have no right to redeem.

The defendant's response to the motion for summary judgment as to Count II of the complaint, thus, presents two questions: 1) Whether the beneficial interest in an Illinois land trust is included in the term "real property" in § 6337(b) of the Code; and 2) If the beneficial interest is included, whether Mrs. DiFoggio is a proper party to redeem it.

■ In regard to the first question, it is clear that under Illinois law a land trust beneficiary has neither a legal nor an equitable interest in the real estate comprising the trust. The beneficial interest is personal property. Ill.Rev.Stat. ch. 29, § 8.31 (Supp.1979); *Chicago Fed. Sav. and Loan Ass'n. v. Cacciatore*, 25 Ill.2d 535, 185 N.E.2d 670 (1962). However, the beneficiary has the exclusive control of the management, operation, renting and selling of the trust property. Ill.Rev.Stat. ch. 29, § 8.31 (Supp.1979).

We have been unable to locate any cases, and the parties have cited none, which directly concern the scope of the term "real property" in § 6337(b).[7] However, the IRS and an Illinois appellate court have both concluded that the designation, under Illinois law, of the beneficial interest as personal property should not be controlling in all cases concerning the meaning of the term real estate or real property.

In Rev.Rul. 77–459, 1977–2 C.B. 239, the IRS responded to the question of whether an interest in an Illinois land trust was an interest in "real property" as the term is used in § 856(c)(3)(B) of the Code and whether the beneficial interest constituted a "real estate asset" as that term is used in § 856(c)(5)(A). After describing the beneficiary's powers in a land trust, the IRS reasoned that "although the beneficial interest

in an Illinois land trust is personal property . . . so long as the real property remains the sole asset of the land trust, the beneficial interest has no value apart from the underlying property." Rev.Rul. 77–459 at 240. Accordingly, the IRS concluded that the beneficial interest should be considered real property in § 856(c)(3)(B) and a real estate asset in § 856(c)(5)(A).

In *In Re Application of County Treasurer*, 16 Ill.App.3d 385, 306 N.E.2d 743 (1973), the court addressed the same issue presented here in construing the Illinois Constitution and redemption statutes. Like § 6337(b) of the Code, the Illinois Constitution provides that the owner or any person interested in seized real estate may redeem the property. Although the court did not reason that a beneficial interest should be considered "real estate" as the IRS did in Rev.Rul. 77–459, it did hold that the beneficiary had a sufficient interest in the real estate comprising the trust to permit her to redeem.

■ The rationale of these two holdings is that the label given by Illinois law to the beneficial interest of a land trust should not be controlling for all purposes. We agree. The real estate in question here was the sole asset of the trust. Any benefits of the trust derived from the use and enjoyment of the property. Plaintiff should not be precluded from redeeming her property after the extraordinary remedy of seizure and sale of her home simply because her ownership rights have been labeled personal property. Courts have traditionally looked with favor upon redemption and have given liberal construction to redemption statutes. *E. g.*, *Corbett v. Nutt*, 10 Wall. 464, 77 U.S. 464, 19 L.Ed. 976 (1870); *Bennett v. Hunter*, 9 Wall. 326, 76 U.S. 326, 19 L.Ed. 672 (1869); *United States v. Lowe*, 268 F.Supp. 190 (N.D.Ga., 1966). Accordingly, we hold as a matter of law that the owner of the beneficial interest in an Illinois land trust is

---

**7.** A holder of a beneficial interest in an Illinois Land Trust has been held not to be a legal or equitable owner of real property within the meaning of Chapter XII of the Bankruptcy Act. *In Re Romano*, 426 F.Supp. 1123 (N.D.Ill., 1977). However, it is clear that Chapter XII

and 26 U.S.C. § 6337(b) serve entirely different purposes. Indeed, Judge Flaum explicitly recognized that in Illinois, the holder of a beneficial interest in a land trust had a right to redeem real property after foreclosure. *Id.* at 1127 n. 6.

entitled to redeem that property under § 6337 of the Code.

The DeLisas also argue that plaintiff is not the proper party to redeem the property. First defendants claim that Mrs. Di-Foggio is acting only as the trustee of a resulting trust while Mr. DiFoggio is the real beneficiary. It is alleged that the defendants will be able to introduce evidence supporting their theory. Plaintiff responds that under Illinois law the burden of proof is on the party seeking to establish a resulting trust and only clear and convincing evidence can satisfy that burden. Furthermore, when a husband furnishes the consideration for property and then transfers it to his wife, there is a presumption of a gift, not a resulting trust. This presumption is supported by Mr. DiFoggio's affidavit.

■ However, it is not necessary to reach the issue of whether a resulting trust has been established or whether such a trust could be established subsequently. The issue here is whether plaintiff is a party entitled to redeem. The answer is clearly that she is, either as owner of the property, as a person interested in the property or as a person acting on behalf of the owner. 26 U.S.C. § 6337(b)(2). A resulting trust simply cannot operate to defeat a redemption in this case. *See also, United States v. Lowe,* 268 F.Supp. 190 (N.D.Ga., 1966) (tenant in common is entitled to redeem); *Samet v. United States,* 242 F.Supp. 214 (D.C. N.C., 1965) (by reason of her dower rights, wife is entitled to redeem).

The defendants' second argument that plaintiff is not the proper party to redeem is that upon seizure, the beneficial interest passed to plaintiff's sons. The language of the trust relied on is as follows:

*In the event of the death of Bernadette DiFoggio prior to termination of this trust or other disposition of her interest hereunder including divestment of her interest for any reason, then and in that event all of her interest hereunder shall pass to and vest in James DiFoggio, Daniel DiFoggio and Michael DiFoggio III, her children share and share alike.*

The defendants' argument is without merit. First, the courts have generally held that this type of forfeiture clause cannot operate to defeat a federal tax lien. *E. g., United States v. Rye,* 550 F.2d 682 (1st Cir., 1977); *Leuschner v. First West. Bank and Trust Co.,* 261 F.2d 705 (9th Cir., 1958). Thus, the clause had no effect on the ability of the Government to satisfy the tax liability of plaintiff. It would be totally inequitable to hold that the same clause precludes plaintiff from attempting to regain her property. Second, § 6337(b) states that any person may redeem on behalf of the owner. Therefore, whether the forfeiture clause is given operative effect or not, plaintiff has standing to redeem.

Since we have held as a matter of law that plaintiff was entitled to redeem her property under § 6337(b), the defendants wrongfully refused her redemption offer in the Circuit Court of Cook County. The defendants are therefore now ordered to accept the tendered payment and to convey the property to plaintiff in exchange.