**ROIG COMMERCIAL BANK, Plaintiff,**

v.

**Jose Torres DUEÑO, Internal Revenue Director for Puerto Rico, and `Ramon D'Ambrose.**

**Internal Revenue Service Special Procedures Officer, Defendants,**

and

**Julio Rodriguez Gomez and wife Genoveva Cuadrado, Jose R. Crespo and wife Gladys Lopez Rosario, Co-defendants.**

**Civ. No. 82–2524 HL.**

United States District Court, D. Puerto Rico.

Sept. 17, 1985.

**914**

Julio C. Rivera-Velázquez, Humacao, P.R., for plaintiff.

Víctor M. Agrait Defilló, Hato Rey, P.R., for José R. Crespo & Gladys Rodríguez.

Paige E. Reffe, Trial Atty. Tax Div., Edward J. Snyder, Asst. U.S. Atty., U.S. Dept. of Justice, Washington, D.C., for Internal Revenue.

## OPINION AND ORDER

LAFFITTE, District Judge.

Plaintiff, Roig Commercial Bank, instituted the present action predicated on an asserted right to redeem, pursuant to Section 6337, Title 26 U.S.C. The relevant stipulated facts are as follows:

On November 29, 1979, Julio Rodríguez Gómez and his wife Genoveva Cuadrado issued a note for $13,000 secured by a mortgage on their property at Las Piedras, Puerto Rico. Plaintiff is the holder of said mortgage note. The mortgage deed was presented for recording, but was subsequently withdrawn in February 1980. Meanwhile, prior to December 29, 1981, the Internal Revenue Service (IRS) registered the seizure of the property in the Book of Federal Seizures.[1] On December 29, 1981, the IRS sold said property at public auction to José R. Crespo and his wife Gladys López Rosario, and issued them a Certificate of Sale of Seized Property. Plaintiff's mortgage deed was finally recorded on January 22, 1982. On April 27, 1982, within the period allowed for redemption, plaintiff filed a petition to redeem at IRS and deposited $7,575.00 after a tender to codefendant José R. Crespo was refused.

On October 12, 1982, the IRS executed a Suit Claim Deed in favor of co-defendant José R. Crespo and his wife Gladys López, mentioning that the property had not been redeemed. On October 20, 1982, IRS returned a check for $7,575.00 with a letter stating that, in its opinion, plaintiff was not a party in interest and therefore could not exercise any redemption rights.

The issue before this Court is whether plaintiff is a party in interest with a right to redeem the property. To put it differently, whether plaintiff's filing and recording a mortgage deed *after* the property has been seized and sold at public auction, makes it a party in interest for redemption purposes. The Court is persuaded by the IRS interpretation of Section 6338 of the Internal Revenue Code of 1955, that plaintiff is not a party in interest and therefore has no right to redeem the property in question. We proceed to explain our decision.

An examination of Section 6337(b)(1), Title 26 of the United States Code, shows that redemption of real property after a sale can be done by: (1) the owner, his heirs, executors, or administrators; (2) any person having an interest therein; (3) any person having a lien thereon. Plaintiffs argue they had a lien or at least had an interest in that property. We disagree.

1. See 30 L.P.R.A. 921 et seq.

Plaintiff failed to record the mortgage in the Registry of Property until after the public sale to the codefendants José Crespo and his wife. Under 30 L.P.R.A. § 2607, a mortgage must be recorded in order to exist. Recording is essential to the validity of a mortgage. This so-called lien did not come into being until after the sale, therefore plaintiff was not a lien holder either at the time of the IRS seizure or at the time of sale.

■ We note that although federal law exclusively regulates the order of priority of liens when there is a federal tax lien,[2] local law dictates the transfer of title and perfection of liens, as long as it does not affect the federal tax lien.[3] 26 U.S.C.S. §§ 301, 7425, 7426; *Central Mercedita, Inc. v. Picart*, 85 P.R.R. 237 (1962).

■ A seizure of a property by the I.R.S. operates as a transfer to it and precludes other parties from gaining any rights to the property. *American Acceptance Corp. v. Glendora Builders, Inc.*, 550 F.2d 1220, 1222–23 (9th Cir.1977). The effect of a tax-sale is that the purchaser receives title to the real property he purchases. *De La Haba v. Tax Court*, 76 PRR 865 (1954), affirmed, 233 F.2d 126. A tax-sale certificate transfers title to the purchaser from the moment of the sale. *S.R.A. v. State of Minnesota*, 327 U.S. 558, 567, 66 S.Ct. 749, 755, 90 L.Ed. 851 (1946); *National City Bank of N.Y. v. Registrar*, 46 P.R.R. 79 (1934).

■ The subsequent registration (after the sale) of the mortgage deed failed to constitute a lien or an interest therein, since the property had transferred to codefendant José Crespo and his wife through the IRS tax sale.

■ The Court agrees with plaintiff that its promissory note was personal property,

but we disagree, even after searching through Titles 30 and 31 LPRA, that it became "an interest [in the *real property* ] therein" at the time of the sale. Failure to promptly record the mortgage deed turned the promissory note into a personal obligation, unsecured, solely enforceable against the maker. It betrays logic to interpret the federal statute, 26 U.S.C. § 6337(b)(2), as allowing the attachment subsequent to a tax sale of the purchaser's property which consequently strips the purchaser of its acquired rights to that property. The statute is intended to allow those parties which had an interest in the property *before* the tax sale to redeem the property. Plaintiff's interest in the property before the federal tax sale was a mere desire to have its promissory note guaranteed by an unrecorded mortgage, which is not possible under local law.[4] Had plaintiff diligently recorded its mortgage in the Registry of Property before the tax sale, there would be no doubt of its lien or interest in that property and its entitlement to redeem it.

Furthermore, the Court disagrees with plaintiff's characterization of *U.S. v. Lowe*, 268 F.Supp. 190 (N.D.Ga.1966), affirmed, 379 F.2d 555, C.A. 5th Cir.1967, and *DiFoggio v. United States*, 484 F.Supp. 233 (1979). *Lowe* supports the undeniable contention that a *co-owner* has the right to redeem the property after it has been sold at a federal tax-sale. However, plaintiff has never alleged to be a co-owner of the property and therefore, this case hardly supports its argument. In *DiFoggio*, the Court held that a *sole owner* of the beneficial interest in a land trust had a right to redeem her property despite Illinois' peculiar classification of a beneficial interest as personal property. The above ownership interest is a far cry from plaintiff's person-

**2.** 26 U.S.C. § 6323; *United States v. Brosnan*, 363 U.S. 237, 80 S.Ct. 1108, 4 L.Ed.2d 1192 (1960); *Aquilino v. United States*, 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960).

**3.** *Commissioner v. Stern*, 357 U.S. 39, 78 S.Ct. 1047, 2 L.Ed.2d 1126 (1958); *United States v. New Britain*, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed.

520 (1954); *United States v. Valley Nat. Bank*, 524 F.2d 199 (9th Cir.1975).

**4.** 30 L.P.R.A. § 2607; *In Re Colinas, Inc.*, 426 F.2d 1005, 1016 (1st Cir.1970), cert. denied, 405 U.S. 1067, 92 S.Ct. 1502, 31 L.Ed.2d 797 (1972); *Gaztambide v. Heirs Of Ortiz*, 70 P.R.R. 338 (1970).

al right to collect on the unsecured promissory note.

In line with the foregoing, the complaint shall be dismissed and the mortgage deed number 263, executed in Humacao, Puerto Rico, on November 29, 1979 before Notary Public Luz E. Santana Peña, recorded at page 177, volume 99 of Las Piedras Property Registry, property number 4828, fourth inscription, is hereby ordered cancelled.

The Clerk shall enter judgment dismissing the complaint and shall issue a writ in accordance with this opinion.

IT IS SO ORDERED.