# United States Court of Appeals

## For the First Circuit

No. 20-9006

IN RE: JOSÉ ANTONIO LÓPEZ CANCEL; CARMEN NEREIDA MEDINA
GONZÁLEZ,

Debtors.

WILFREDO SEGARRA MIRANDA, Chapter 7 Trustee for José Antonio
López Cancel and Carmen Nereida Medina González,

Plaintiff, Appellant,

v.

BANCO POPULAR DE PUERTO RICO,

Defendant, Appellee,

JOSÉ ANTONIO LÓPEZ CANCEL; CARMEN NEREIDA MEDINA GONZÁLEZ,

Intervenors, Appellees.

APPEAL FROM THE BANKRUPTCY APPELLATE PANEL
FOR THE FIRST CIRCUIT

Before

Howard, Chief Judge,
Lynch and Kayatta, Circuit Judges.

Rafael Antonio González Valiente, with whom Godreau &
González Law, LLC was on brief, for appellant.
Sergio A. Ramírez de Arellano, with whom SARLAW LLC was on
brief, for defendant-appellee Banco Popular de Puerto Rico.
Noemi Landrau-Rivera, with whom Landrau Rivera & Assoc. was

on brief, for intervenor-appellees José Antonio López Cancel and Carmen Nereida Medina González.

_____

August 6, 2021

_____

LYNCH, Circuit Judge. This appeal is one of a number of disputes between the bankruptcy trustee ("the Trustee") for the estate of José Antonio López Cancel and Carmen Nereida Medina González, and Banco Popular de Puerto Rico ("Banco Popular"). The Trustee sought to avoid an unrecorded Puerto Rican mortgage and preserve it for the benefit of the bankruptcy estate based on his assertation that such an unrecorded mortgage is "[a] transfer of property of the debtor . . . that is voidable [by a bona fide purchaser]." Cf. 11 U.S.C. § 544(a)(3). The Bankruptcy Appellate Panel for the First Circuit ("BAP"), affirmed the bankruptcy court's entry of summary judgment against the Trustee on the grounds that Puerto Rico law does not recognize any such property interest created by an unrecorded mortgage, so there was no "transfer of property of the debtor" that could be voided. Banco Popular and the debtor home-owner intervenors urge affirmance. Because we agree that an unrecorded mortgage in Puerto Rico is not "[a] transfer of property of the debtor. . . that is voidable by a bona fide purchaser" that triggers the bankruptcy trustee's authority to avoid and preserve the lien, we affirm.

I.

On November 4, 1981, José Antonio López Cancel and Carmen Nereida Medina González acquired a property in San Juan, Puerto Rico, which they use as their primary residence. On December 30, 2003 they took out a mortgage for $163,400.00 on the property.

- 3 -

R&G Mortgage Corporation issued the mortgage but never recorded it with the Puerto Rico Property Registry.  Banco Popular, as servicer for Freddie Mac, is the successor-in-interest to R&G and currently holds the mortgage.  It too did not record the mortgage.

On September 17, 2015, Cancel and González filed a Chapter 7 bankruptcy petition.  They claimed Puerto Rico's Homestead Exemption over the property in San Juan, removing the San Juan property from the bankruptcy estate.[1]  See 11 U.S.C. § 522(b)(3) (incorporating state exemptions from the bankruptcy estate); P.R. Laws Ann. tit. 31, §§ 1858-1858k.  The Homestead Exemption limits the Trustee's ability to sell the San Juan property to satisfy most unsecured debts, but it does not affect secured liens on the property.[2]  P.R. Laws Ann. tit. 31, § 1858a. On October 19, 2015, Banco Popular filed a secured claim for

---

[1]  Homestead Exemptions allow debtors in bankruptcy to keep their primary residence through bankruptcy, so long as the debtor continues to make mortgage payments and payments towards certain other types of secured debt.  P.R. Laws Ann. tit. 31, § 1858a-b; see also 76 Am. Jur. Proof of Facts 3d 1 (2004).  When a debtor declares bankruptcy his or her property becomes part of the bankruptcy estate, unless it is protected by an exemption.  11 U.S.C. §§ 522(b), 541.  The Homestead Exemption removes the debtor's primary residence from the bankruptcy estate so that it cannot be sold for the benefit of the unsecured creditors.  P.R. Laws Ann. tit. 31, § 1858a-b.

[2]  P.R. Laws Ann. tit. 31, § 1858a states, "[t]he homestead right shall not be waived and any agreement to the contrary shall be declared null.  However, the homestead right shall be deemed to be waived in . . . [a]ll cases in which the protected property is pledge for a mortgage."

$127,921.08 -- the remaining balance due on the 2003 mortgage. Cancel and González objected to the claim, and because the mortgage was unrecorded, the bankruptcy court allowed the objection. It treated the mortgage as a "general unsecured" claim, covered by the court's earlier discharge order.

On January 4, 2016, the Trustee then filed this action against Banco Popular to avoid the 2003 mortgage and preserve it on behalf of the bankruptcy estate. "[T]he trustee's right of avoidance under 11 U.S.C. § 544 'vests the trustee with the powers of a bona fide purchaser of real property for value, and allows the trustee to invalidate unperfected security interests.'" In re Traverse, 753 F.3d 19, 26 (1st Cir. 2014) (quoting In re Sullivan, 387 B.R. 353, 357 (B.A.P. 1st Cir. 2008)). By statute, the trustee assumes the voided lien on behalf of the bankruptcy estate, so that any portion of the debt the trustee recovers goes to the estate, rather than the original lienholder. In relevant part, 11 U.S.C. §§ 544(a) and (a)(3) state that the bankruptcy trustee "may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by . . . a bona fide purchaser of real property." 11 U.S.C. § 551 states "[a]ny transfer avoided under section . . . 544 . . . of this title . . . is preserved for the benefit of the estate." By avoiding and preserving the lien, "[t]he trustee, on behalf of the entire bankruptcy estate, . . . steps into the shoes of the former

lienholder, with the same rights in the collateralized property that the original lienholder enjoyed." In re Traverse, 753 F.3d at 29 (quoting In re Haberman, 516 F.3d 1207, 1210 (10th Cir. 2008)).

The Trustee argued that the 2003 unrecorded mortgage was a transfer of the debtor's property that is voidable by a bona fide purchaser.[3]  On May 2, 2016, Cancel and González intervened in the Trustee's action against Banco Popular and the parties cross-moved for summary judgment.  The bankruptcy court initially adopted the Trustee's brief in its entirety, and granted summary judgment based on this court's decision, based in part on Massachusetts real property law, in In re Traverse.  That decision states, "[w]here a creditor has an unperfected lien on a debtor's property, the Bankruptcy Code empowers a trustee to avoid and preserve the lien for the benefit of the estate."  In re Traverse, 753 F.3d at 26.  It was undisputed in In re Traverse that the

_____

[3]  In the alternative, the Trustee argued without elaboration that the mortgage was voidable under 11 U.S.C. § 549, which permits the trustee to void a transaction "that occurs after the commencement of the [bankruptcy] case" and that the debtor was not authorized to make.  He renews this argument on appeal in the same conclusory fashion.  This claim is both waived and obviously meritless.  The Trustee makes no argument beyond quoting § 549 and stating that the statutory language somehow applies to this case. "[I]ssues . . . unaccompanied by some effort at developed argumentation[] are deemed waived."  United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).  In any event, the 2003 mortgage plainly pre-dates the 2015 bankruptcy petition, so this argument is meritless.

bankruptcy trustee could avoid and preserve for the benefit of the estate an unrecorded Massachusetts mortgage.  Id. at 27.

Cancel and González timely appealed the bankruptcy court's decision to the district court for the District of Puerto Rico.  While that decision was on appeal, the bankruptcy court considered the same issue in an almost identical case between the same Trustee on behalf of another estate and Banco Popular and reached the opposite result.  In re Garcia, Ch. 7 No. 15-02402, Adv. Case No. 17-00076, 2018 WL 1956177 (Bankr. D.P.R. Apr. 24, 2018).  It concluded that under Puerto Rico law, recording a mortgage is a "constitutive" act, and an unrecorded mortgage is merely an "unsecured personal obligation."  Id. at *2 (quoting Soto-Rios v. Banco Popular de Puerto Rico, 662 F.3d 112, 121 (1st Cir. 2011)).  After further procedural hurdles not relevant here,[4] the bankruptcy court granted Cancel and González's motion for reconsideration based on the In re Garcia decision.

As the BAP later noted, although the bankruptcy court only referenced the In re Garcia decision in its order granting

_____

[4] After the In re Garcia decision, Cancel and González filed an emergency motion for relief from the bankruptcy court's summary judgment order.  The bankruptcy court entered an indicative ruling stating that it lacked jurisdiction to rule on the motion for reconsideration while the appeal to the district court was pending, but it stated that it would grant relief if the district court chose to remand the case back to the bankruptcy court.  The district court remanded based on that order, and the bankruptcy court granted the motion for reconsideration.

the motion for reconsideration, the Trustee had in fact filed at least four identical claims against Banco Popular, all seeking to avoid and preserve unrecorded mortgages on behalf of various bankruptcy estates. In re López Cancel, No. PR 19-001, 2020 WL 278395, at *2 (B.A.P. 1st Cir. Jan. 15, 2020) (citing In re Rivera Mercado, 599 B.R. 406, 422 (B.A.P. 1st Cir. 2019) (affirming grant of summary judgment against the Trustee); In re Garcia, 2018 WL 1956177 at *4 (finding the Trustee could not avoid and preserve an unrecorded Puerto Rican mortgage); In re Schwarz Reitman, Ch. 7 Case No. 14-08184, Adv. No. 15-0020, slip. op. (Bankr. D.P.R. Nov. 29, 2016)(same); In re Matienzo Lopez, Ch. 7 Case No. 15-06967, Adv. Case No. 16-00123, slip. op. (Bankr. D.P.R. Aug. 23, 2017) (granting summary judgment in favor of the Trustee without discussion)). In all but one of these, the bankruptcy court found that the Trustee could not avoid and preserve an unrecorded mortgage, because under Puerto Rican law, an unrecorded mortgage is not a property interest.

After the bankruptcy court granted the motion for reconsideration the Trustee appealed to the BAP. See 28 U.S.C. § 158(c) (the losing party in the bankruptcy court may appeal either to the district court or to the bankruptcy appellate panel). While that appeal was pending, the BAP affirmed the decision of the bankruptcy court in another of the Trustee's avoid-and-preserve actions against Banco Popular. In re Rivera Mercado, 599

- 8 -

B.R. at 426-27. In In re Rivera Mercado the BAP reasoned that "in Puerto Rico, a mortgage does not provide the mortgagee with title to the mortgaged property, and an unrecorded mortgage is 'nonexistent' and a 'nullity.'" Id. at 424. In this case, the BAP concluded that it was bound by its earlier decision in In re Rivera Mercado, and affirmed the bankruptcy court. In re López Cancel, 2020 WL 278395, at *4. The Trustee brought this timely appeal.

## II.

In an appeal from the BAP, "we accord no particular deference to determinations made by the first-tier appellate tribunal but, rather, focus exclusively on the bankruptcy court's determinations." In re Montreal, Me. & Atl. Ry., Ltd., 956 F.3d 1, 6 (1st Cir. 2020). "[T]he 'legal standards traditionally applicable to motions for summary judgment . . . apply without change in bankruptcy proceedings.'" In re Hannon, 839 F.3d 63, 69 (1st Cir. 2016) (alteration in original) (quoting In re Moultonborough Hotel Grp., 726 F.3d 1, 4 (1st Cir. 2013)). Summary judgment is appropriate if there is "no genuine dispute as to any material fact and the movant . . . is entitled to judgment as a matter of law." Taite v. Bridgewater State Univ., Bd. of Trustees, 999 F.3d 86, 92-93 (1st Cir. 2021) (quoting Fed. R. Civ. P. 56(a)). We review the bankruptcy court's legal conclusions de novo. In re

Montreal, Maine & Atl. Ry., Ltd., 956 F.3d at 6. We review the bankruptcy court's findings of fact only for clear error. Id.

11 U.S.C. §§ 544 and 551 permit the bankruptcy trustee to avoid and preserve "any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by . . . a bona fide purchaser of real property." 11 U.S.C. §§ 544(a), (a)(3). The trustee argues that under Puerto Rican law conveying an unrecorded mortgage is a transfer of property of the debtor that would be voidable by a bona fide purchaser. He states that Puerto Rico's mortgage rules are "nearly identical" to Massachusetts law as to the significance of recording, and this court's comments in In re Traverse should control. We disagree.

State law governs interested parties' property rights, the scope of those rights, and the voidability of any such rights in a bankruptcy proceeding. Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15, 20 (2000); Soto-Rios v. Banco Popular de Puerto Rico, 662 F.3d 112, 117 (1st Cir. 2011). Federal law governs the terms used in the bankruptcy code. In re 229 Main St. Ltd. P'ship, 262 F.3d 1, 5-7 (1st Cir. 2001); see also Soto-Rios, 662 F.3d at 117.

The core question under 11 U.S.C. §§ 544(a) and (a)(3) is whether under state law the debtor conveyed a property interest in the real property at issue that gives the current holder some enforceable rights to the property beyond a mere personal obligation of the property owner. In Soto-Rios for example, this

- 10 -

court found that under related sections of the bankruptcy code, a Puerto Rican mortgage that had been properly presented to the Property Registry was an "interest in property" because presenting the mortgage preserved the lien-holder's priority over other lien-holders. See Soto-Rios, 662 F.3d at 121-22.

This court's decision in In re 229 Main Street Ltd. Partnership, again interpreting the related phrase "interest in property" as used in the automatic stay provision, is also instructive. 262 F.3d at 5-7. We held that "interest in property" encompasses more than just a recorded lien. Id. at 7. The court looked instead to whether, under state law, the claimed property interest was "effective against entities which already had acquired rights in the property." Id. at 12.

In In re Traverse, on which the Trustee relies, there was no dispute that an unrecorded Massachusetts mortgage was a transfer of an interest in real property. Massachusetts applies a "title theory" of mortgages. A Massachusetts mortgage is a "conditional conveyance vesting in the mortgagee legal title of the property." Soto-Rios, 662 F.3d at 117; see also Bank of Am., N.A. v. Casey, 52 N.E.3d 1030, 1035 n. 10 (Mass. 2016)("[U]nder Massachusetts law the effect of a mortgage is to transfer legal title to the mortgage property from the mortgagor to the mortgage holder . . . ."). Recording makes the lien a matter of public record and gives notice to third parties. See Allen v. Allen, 16

N.E.3d 1078, 1084 (Mass. App. Ct. 2014); Singer, Property § 11.4.5 (3d ed. 2010) (describing operation of recording acts). If a valid mortgage is not recorded, the mortgagee retains superior title compared to the mortgagor, the mortgagor's issue, heirs, or assignees, and any third parties with actual knowledge of the mortgage. Mass. Gen. Laws ch. 183, § 4. The holder of an unrecorded mortgage has inferior title compared to third parties without actual knowledge of the mortgage, but he or she retains an interest in the underlying real property. Id.; see also Solans v. McMenimen, 951 N.E.2d 999, 1004 (Mass. App. Ct. 2011) (holding that writ of attachment against all "right, title and interest" covered an unrecorded mortgage held by the defendant). Failure to record the mortgage under Massachusetts law makes the mortgage voidable by a bona fide purchaser of the property without notice. Tramontozzi v. D'Amicis, 183 N.E.2d 295, 297 (Mass. 1962).

Puerto Rico has a fundamentally different scheme of mortgage rights. It uses a Property Registry system. A deed is not "recorded" until the Property Registry judges that the deed is valid. P.R. Laws Ann. tit. 30, §§ 2255, 2267. Recording in Puerto Rico does more than provide public notice. It is part of the process of creating a valid property instrument.[5] See Id. §§ 2255, 2267.

---

[5] For a discussion of the differences of title recordation and registration, see generally Arruñada, Institutional

- 12 -

Under Puerto Rican law, a mortgage must be recorded for it to confer any interest in the underlying real property.[6]  By statute, "it is indispens[a]ble, in order that the mortgage may be validly constituted, that the instrument in which it is created be entered in the registry of property."  P.R. Laws Ann. tit. 31, § 5042; see also P.R. Laws Ann. tit. 30, § 2607 (a mortgage must be stipulated in a deed and "recorded in the Property Registry").  "[R]ecordation [at the Property Registry] is a constitutive act through which the security produces real effects and becomes operative erga omnes in the sphere of real rights."  Rosario Pérez v. Registrar, 15 P.R. Offic. Trans. 644, 648 (P.R. 1984); see also Teachers' Ret. Bd. of P.R. v. Registrar, 9 P.R. Offic. Trans. 757, 777 (P.R. 1980) (describing mortgages as "rights created by their registration").

The Supreme Court of Puerto Rico's decision in Rosario Pérez illustrates that in Puerto Rico a mortgage-holder does not acquire property rights to the underlying real property until the

---

Foundations of Impersonal Exchange: Theory and Policy of Contractual Registries 45-47, 51-52, 55-58 (2012), reprinted in Smith & Merrill, Property: Principles and Policies 903-908 (3d ed. 2017) and Singer, supra § 11.4.7.

[6]  At oral argument, the Trustee argued that an unrecorded mortgage was "property" even if it was not necessarily an interest in the debtor's San Juan home.  We need not decide whether an unrecorded mortgage is "property" in some sense of the term.  Even if an unrecorded mortgage were personal property or some other interest, it would still fail to satisfy the statutory language in 11 U.S.C. § 544(a)(3).

mortgage is recorded, or at least until the mortgage-holder begins the registration process. There, one party issued a mortgage on property but failed to record the lien. Several years later another party recorded a writ of attachment, which barred any new transaction alienating an interest in the property. The mortgage-holder then immediately attempted to record their existing mortgage, and the Property Registry refused, citing the writ of attachment. Rosario Pérez, 15 P.R. Offic. Trans. at 646-47. The Supreme Court of Puerto Rico agreed that the writ barring any new transaction barred the mortgagee from recording their existing mortgage. It stated, "[w]e are not dealing here with a dispositive act prior to the entry [of the writ of attachment], because the mortgage had not been recorded and, therefore, the real security of the mortgage had not been constituted." Id. at 649.

This court's decision in Soto-Rios is consistent with that view of Puerto Rican law.[7] There, Banco Popular issued two mortgages on a property in Puerto Rico, and properly presented the liens to the Property Registry for recording. The Property Registry, however, failed to complete the registrations. Although

---

[7] The Trustee appears to read Soto-Rios as supportive of Cancel and González's position, and states that Soto-Rios is "completely distinguishable" from this case. Accordingly, he has waived any argument that the exception recognized in Soto-Rios applies here. See Young v. Wells Fargo Bank, N.A., 828 F.3d 26, 32 (1st Cir. 2016).

- 14 -

Banco Popular took all the necessary steps to record the mortgages, they remained "pending recordation when the debtors filed for bankruptcy nearly three years later." Soto-Rios, 662 F.3d at 114. The Soto-Rios court acknowledged that decisions from Puerto Rico "suggest that an unrecorded mortgage deed provides a lender with no more than an unsecured personal debt under Puerto Rico law." Id. at 119. But this court did not decide what rights, if any, an unrecorded mortgage confers under Puerto Rican law. We observed instead that recording in Puerto Rico relates back to the date the party properly filed, not the date the Property Registry enters the record, and that a party who has filed for recording has additional statutory rights. Id. at 120-21. On that basis we concluded that a mortgage-holder who timely began the process of recording the mortgage had at least some interest in the underlying real property which would be enforceable against other existing titleholders. Nothing in that decision recognizes property rights created by a mortgage when the issuer simply failed to present the lien to the Property Registry.

Other cases from this circuit underscore the narrowness of the Soto-Rios exception. In In re Las Colinas, Inc., 426 F.2d 1005, 1016 (1st Cir. 1970), this court stated, "under Puerto Rican law recording is essential to the validity of a mortgage, [and] one that is not recorded is a nullity." (footnote omitted). And in In re Vázquez Laboy, 647 F.3d 367, 370-71, 377 (1st Cir. 2011),

- 15 -

this court remanded to the bankruptcy court a petition for damages for willfully violating the bankruptcy stay against a creditor who attempted to record a pre-existing mortgage after the automatic stay took effect.[8]

We conclude that an unrecorded mortgage in Puerto Rico does not trigger the trustee's avoidance powers under 11 U.S.C. §§ 544(a) and (a)(3). Under Puerto Rican law, the holder of the unrecorded mortgage lacks any title to the underlying property that is enforceable against other existing titleholders. Accordingly, the unrecorded 2003 mortgage is not "[a] transfer of property of the debtor" that would allow the Trustee to invoke 11 U.S.C. § 544.

III.

The judgment of the bankruptcy court is <u>affirmed</u>. Costs are awarded against appellant Trustee.

---

[8] The District of Puerto Rico has also consistently stated that an unrecorded mortgage is merely an unsecured personal guarantee under Puerto Rican law. <u>See, e.g.</u>, <u>Roig Com. Bank</u> v. <u>Dueno</u>, 617 F. Supp. 913, 914-15 (D.P.R. 1985)("Failure to promptly record the mortgage deed turn[s] the promissory note into a personal obligation, unsecured, solely enforceable against the maker."); <u>Roosevelt Cayman Asset Co. II</u> v. <u>Cruz-Rivera</u>, 232 F. Supp. 3d 230, 232 (D.P.R. 2017) (mortgage deed that was pending recordation was a "nullity"); <u>United Fed. Sav. & Loan Ass'n of P.R.</u> v. <u>Nones</u>, 283 F. Supp. 638, 639 (D.P.R. 1968)("[An] unrecorded mortgage can not prejudice innocent third parties with rights over the property object of the mortgage since the mortgage represents only a personal credit."). These cases join the consensus in the bankruptcy court generated by the Trustee's own litigation against Banco Popular.